SHAWANO COUNTY BANK, Appellant, vs. KOEPPEN and others, Respondents.

*December 20, 1890 — January 13, 1891.*

*Fraudulent conveyances: Estoppel: Homestead.*

1. Pending an action by judgment creditors to set aside as fraudulent certain conveyances by the debtor, including a deed of a lot to M., a bank purchased the judgments and was substituted as plaintiff, the debtor having agreed to procure reconveyances of all the property and to give mortgages thereof to the bank to secure the balance due on the judgments. Pursuant to this agreement the debtor procured reconveyances of a portion of the property, and gave to the bank several mortgages, including one, to secure a certain part of the balance due, upon a portion of the lot which had been conveyed to M. A prior mortgage upon the whole of said lot was afterwards foreclosed, the bank being the purchaser at the foreclosure sale. M. repaid to the bank the purchase money paid by it on such sale, and also paid to it the amount of its mortgage aforesaid on a portion of the lot, and the bank thereupon conveyed the lot to M. and dismissed the action as to her. *Held,* that although the original conveyance by the debtor to M. was fraudulent, the bank could not thereafter subject the part of the lot which had not been mortgaged to it to the payment of any balance due upon the judgments.
2. A conveyance of his homestead by an insolvent debtor is not fraudulent as to creditors.

APPEAL from the Circuit Court for *Oconto* County.

In the year 1885 the defendant *August Koeppen* was engaged in mercantile business at Shawano. He was then the owner of several parcels of real estate in that city and vicinity. Being heavily indebted to divers persons and firms and to the present plaintiff, in fact insolvent, he conveyed different parcels of his land to his relatives, the other defendants herein, in severalty, which conveyances covered all his real estate, and executed a chattel mortgage on his stock of merchandise to the plaintiff and the defendant *William Koeppen,* to secure his indebtedness to them. He also assigned to them all book-accounts due and owing to

Shawano County Bank vs. Koeppen and others.

him for the same purpose. The mortgagees immediately took possession of the mortgaged property, and sold sufficient thereof, with the sums collected on the assigned accounts, to pay the mortgage debts.

This action, which is in the nature of a creditors' suit, was brought by fourteen individuals and firms, judgment creditors of *August Koeppen* (upon whose judgments, respectively, executions had been issued and returned unsatisfied), against him and the grantees to whom he had thus conveyed his real estate, and the present plaintiff and *William Koeppen*, to set aside such conveyances, chattel mortgage, and assignment of accounts, as being fraudulent as to such creditors, and to apply the property thus mortgaged and conveyed to the payment of their judgments.

The defendants answered, denying the fraud charged. Afterwards the *Shawano County Bank*, then a defendant, purchased the several judgments of the plaintiffs, and paid the plaintiffs' costs to that time, amounting in all to over $4,000. The bank then applied to the court to have its name stricken out as a defendant, and to be made the plaintiff in the action, instead of the original judgment creditors. The application was granted, the original plaintiffs disappeared from the action, and the bank became the sole plaintiff therein.

Thereupon the bank filed a supplemental complaint, alleging the purchase of such judgments and payment of costs, as above stated; that after deducting the amount received for certain bank stock which the debtor had transferred to it as collateral security there remained $3,500 due it on such judgments; that the debtor agreed to obtain a reconveyance of all the property thus conveyed to his relatives, and to execute to the bank mortgages thereon to secure the $3,500; that he did procure such reconveyances of a portion of the property, and executed to the bank three mortgages thereon, each covering different parcels of the land. One

of these purported to secure $2,500, another $600, and the third $400, of the mortgage debt; and that one of the alleged fraudulent grantees of the debtor had fraudulently mortgaged the land so conveyed to him to secure an alleged debt of $2,000. The purpose of the bank in prosecuting the action seems to have been to set aside the latter mortgage as fraudulent, and to subject the lands thus conveyed by the debtor to his relatives, not covered by either of the mortgages, to the lien of the plaintiffs' judgments and the payment thereof or of the deficiency after the mortgaged property is exhausted. It is alleged that the mortgages are inadequate security for the payment of the $3,500, interest and costs. M. J. Wallrich purchased the property covered by the $400 mortgage after the same was executed, and was made a party to the action at his own request, and defended the same. Of the other defendants, *Charles E. Koeppen* alone answered the supplemental complaint, and made defense to the action at the trial.

The court filed its findings of fact and conclusions of law, pursuant to which judgment was entered dismissing the action as to Wallrich with costs, and as to *Charles E. Koeppen* without costs, and setting aside the mortgage for $2,000 executed by the grantee of *August Koeppen* as fraudulent, and dismissing the complaint as to all other matters without costs to either party. The opinion contains a sufficient statement of the findings of fact. The plaintiff bank appeals from all of the judgment, except the portion thereof which dismisses the action with costs as to defendant Wallrich.

For the appellant there was a brief by *E. J. Goodrick,* attorney, and *Gabe Bouck,* of counsel, and oral argument by *Mr. Goodrick.*

For the respondents there was a brief by *M. J. Wallrich* and *Geo. G. Greene,* and oral argument by *Mr. Greene.*

LYON, J.   It is urged by counsel for the defendants, or rather for the defendant *Charles E. Koeppen*, the only one of the alleged fraudulent grantees who defended against the action of the bank, that the bank cannot maintain this creditors' suit until it exhausts its securities by foreclosure of the three mortgages and sales of the mortgaged premises; and not then, unless there remain a deficiency for which judgment is obtained, and an execution issued thereon and returned unsatisfied.   There is much force in the argument of counsel in support of this position.  We have thought best, however, to regard the bank as standing in place of the original plaintiffs, and entitled to the same relief in respect to the alleged fraudulent conveyances by the judgment debtor to his relatives.

It is further maintained that, were the action being prosecuted by the original plaintiffs, and had they accepted the three mortgages covering the full amount of their claims (as the bank did), knowing that they did not include all the lands which the judgment debtor agreed they should include, the plaintiffs would not be permitted to retain the securities and at the same time prosecute this action to subject the omitted lands to the lien of their judgments. We are not sure that this is an incorrect proposition, yet the case has been fully tried and determined on the merits, and we have concluded to do the same, leaving the above proposition undetermined.

The relief which the bank seeks in this action is to have set aside and declared void the mortgage to secure $2,000 executed by defendant *F. W. Koeppen*, one of the alleged fraudulent grantees of the judgment debtor, on lands included in the $2,500 mortgage.   The court granted this relief, and the matter need not be again mentioned.   The bank further demanded that two parcels of the land conveyed by the judgment debtor to his relatives, which such debtor agreed to mortgage to the bank, but failed to do so,

should be subjected to the lien of the judgments purchased by the bank of the original plaintiffs, and should be sold and the proceeds applied thereon. Whether such relief ought to have been granted seems to be the only question in controversy on this appeal, except that of costs.

One of these parcels of land not included in either mortgage is a part of what is called the "store lot" in the city of Shawano. The whole lot is 120 feet by 103 feet, and was conveyed by *August Koeppen*, the judgment debtor, to one *Mary F. Miller* in October, 1885. The court found this conveyance fraudulent as to the judgment creditors. The mortgage affecting this lot, executed by *August Koeppen* to the present plaintiff, was to secure $600, and included only 65 by 120 feet thereof, leaving 38 by 120 feet not so included, which the bank claims should be subjected to the lien of its judgments. The circuit court denied this relief. When the store lot was so conveyed to *Mary F. Miller* there was an unpaid mortgage upon it, which was afterwards foreclosed, and the lot sold pursuant to the judgment in the foreclosure action. The bank purchased the lot at the foreclosure sale, and afterwards conveyed the same to *Mrs. Miller*, who paid the bank the amount paid for it, and of its mortgage thereon. Thereupon the bank dismissed the action as to her, she having been until that time a defendant therein.

Under these circumstances it is not perceived how the bank can successfully assert any further claim on the store lot. It has been fully indemnified for the cost of the lot, has conveyed it, including (as we understand the testimony) the portion now claimed, has been paid the amount of its mortgage on the other portion thereof, and has voluntarily dismissed from the action the only party directly interested in the controversy. It must be held that the bank has no further claim on the store lot or any part of it.

The remaining parcel of land which the bank seeks to sub-

ject to the lien of the judgments is in block 23 in Shawano. Its dimensions are 81 by 120 feet. It was conveyed by the defendants *August Koeppen* and wife to the defendant *Charles E. Koeppen*, by deed dated and acknowledged July 30, 1885, and recorded September 28th of the same year. When the plaintiff's judgments were obtained, and before and from thence until August 29, 1885, the lot was the homestead of *August Koeppen*. The circuit court found that the deed was not delivered to the grantee until recorded, September 28, 1885; that it was without consideration, and fraudulent as to creditors of the grantor. Yet, for reasons not necessary to be here considered or stated, the court refused to subject the lot to the lien of the judgments. It may be stated here that *August Koeppen* was unable to obtain a reconveyance of the lot, and so could not mortgage the same to the bank.

The testimony satisfies us that the conveyance of the homestead was duly delivered to *Charles E. Koeppen* within a day or two after July 30, 1885, and while the lot was still the homestead of the grantor. Hence it was not executed in fraud of the rights of creditors of the grantor. In the above particulars we are constrained to disapprove the findings. Exceptions in behalf of such grantee are preserved in the record, to which resort may be had to save the judgment in his favor. We hold that *Charles E. Koeppen* took a perfect title to the lot under his deed, discharged of any equities therein in favor of the creditors of his grantor, and hence that the action was properly dismissed as to him.

But little need be said on the subject of costs. The court found, perhaps unnecessarily, that the chattel mortgage executed by the judgment debtor to the bank and *William Koeppen* was fraudulent as to the original plaintiffs in the action. Presumably for this reason (and it is a somewhat persuasive one) the court refused to award costs to the

present plaintiff against either of the defendants. It would have been no benefit to the bank had costs been awarded against the judgment debtor, for he has left the country and is utterly insolvent. It would have been improper to give costs against *Charles E. Koeppen*, because he is a prevailing party. Perhaps it would have been just had some reasonable portion of the costs been imposed upon the parties to the $2,000 fraudulent mortgage, but the court in the exercise of its discretion refused to award costs against them, or against any of the defendants. We see no valid grounds for holding that the court abused the discretion vested in it by statute. R. S. sec. 2918, subd. 7.

*By the Court.*— The judgment of the circuit court is affirmed.