## McGHEE v. LEITNER et al.
### No. 91.

District Court, W. D. Wisconsin.
Nov. 14, 1941

L. R. McPherson, of Superior, Wis. (Taylor R. Young, of St. Louis, Mo., of counsel), for plaintiff.

O'Melia & Kaye and A. J. O'Melia, all of Rhinelander, Wis., for defendants.

STONE, District Judge.

Norman L. Hunt, as trustee in bankruptcy of the estate of Louis Leitner, bankrupt, sold and assigned to David H. McGhee for the sum of three hundred dollars ($300) all the assets of the above entitled bankrupt estate, which included an interest in real estate in St. Louis, Missouri, and the trustee's interest in the present cause of action.

David H. McGhee was substituted in this action as party plaintiff for Norman L. Hunt, trustee.

The plaintiff, David H. McGhee, seeks here to recover the interests of the defendants in real estate described as Lots four (4), five (5) and six (6) in block nine (9) of Hazelhurst Land Company's first addition to the Village of Minocqua, Wisconsin. The defendants, Louis Leitner and Mary A. Leitner, his wife, purchased lot four (4) of said property on January 2, 1914, and lots five and six (5 and 6) on or about August 3, 1922, when they commenced the construction thereon of a five-room cottage of the bungalow type, which was completed in the spring of 1924 and has been occupied by them since that date as their homestead. The value of said homestead premises does not exceed forty-five hundred dollars ($4,500).

On February 16, 1926, and on April 7, 1927, in the Circuit Court of St. Louis, Missouri, judgments were entered against defendant, Louis Leitner, based on claims for injuries suffered by Mary George and damages sustained by her husband, Michael George, as a result of injuries received by Mary George on the premises of Louis Leitner in the City of St. Louis, Missouri. In February, 1926, Louis Leitner and Mary A. Leitner, his wife, conveyed to their son, Edward V. Leitner, the real estate they owned, which consisted of the St. Louis property and their homestead property at Minocqua, Wisconsin. Plaintiff contends that this transfer was made with intent to hinder, delay and defraud their creditors.

On September 23, 1926, and after the date of said conveyances, Louis Leitner filed a petition in bankruptcy in this Court, and was adjudicated a bankrupt. The trustee of the said bankrupt estate intervened in an action commenced at St. Louis, Missouri, against the Leitners, to set aside the said conveyances. The complaint in that action alleged that the transfers of the real estate referred to in this complaint were fraudulent and made with intent to defeat the rights of the defendants' creditors, and the Court so found.

The date of the alleged fraudulent transfer was February, 1926. This action was not commenced until December of 1936. It was not commenced within the period prescribed by Section 330.19 of the Wisconsin Statutes which provides that actions of this nature must be commenced within six years from the date the cause of action arose.

676

This is an original action and not one based on a judgment of another Court. After the assignment of the assets of the bankrupt estate, hereinbefore referred to, was made to plaintiff David H. McGhee, he prosecuted this action not for the benefit of creditors of the bankrupt, but solely for his own use and benefit.

The Circuit Court of Missouri found that Louis Leitner was the sole owner of the Minocqua property. The title to the property, prior to the conveyance to Edward V. Leitner, was in the name of Louis Leitner and his wife, Mary A. Leitner, as joint tenants. The conveyance of the Minocqua property was made by them to their son, Edward, pursuant to an oral understanding that they were to retain possession and control of said property during their lifetime. While the legal title to said premises is in Edward V. Leitner, he is, in fact, holding it in trust for the benefit of his parents, Louis Leitner and Mary A. Leitner, his wife, and said trust is to continue during the lifetime of defendants, Louis Leitner and Mary A. Leitner, his wife.

Although the Circuit Court of St. Louis, Missouri, made a finding that the Minocqua property was conveyed by Louis Leitner to his son, Edward V. Leitner, for the purpose of defrauding creditors, it made no attempt to divest Louis Leitner or his wife, Mary Leitner, of title to the Minocqua property in the final decree and judgment of the Court. It is clear that the opinion or findings of the Circuit Court of St. Louis was not the Court's judgment. An appeal may be taken from the final judgment, but not from the Court's opinion. The issue in this action relating to the title to the defendants' homestead cannot be considered as res judicata. The recital of facts in a decree is usual and proper, but the rights of the parties are adjudged not by the recital of facts, but solely by the decretal portion of the decree. It is this and this only that becomes the final judgment of the Court from which an appeal will lie. Cooper v. Owen, 230 Ala. 316, 161 So. 98; Higley v. Kinsman, Iowa, 216 N.W. 673; Braun v. Wisconsin Rendering Company, 92 Wis. 245, 66 N.W. 196; Moehlenpah v. Mayhew, 138 Wis. 561–577, 119 N.W. 826.

The Minocqua property was and is the homestead of Louis Leitner and Mary A. Leitner, his wife. A conveyance of exempt homestead property by an insolvent debtor is not fraudulent as to creditors. Dreutzer v. Bell, 11 Wis. 114; Shawano County Bank v. Koeppen, 78 Wis. 533, 47 N.W. 723; Bank of Commerce v. Fowler, 93 Wis. 241, 67 N.W. 423; First Wisconsin National Bank of Milwaukee v. Roehling, 224 Wis. 316, 269 N.W. 677, 272 N.W. 664.

The defendants, Louis Leitner and Mary A. Leitner, his wife, at no time waived or abandoned their homestead exemptions. The plaintiff has no legal or equitable right to any interest therein. To deprive this aged couple of their homestead premises would be a grave injustice to them.

Plaintiff's complaint will be dismissed, with costs.