ORLANDO CÁRDENAS MAXÁN e IVONNE HERNÁNDEZ DÍAZ, ETC., codemandantes y recurridos, *v.* JOSÉ RODRÍGUEZ y SEÑORA FULANA DE TAL, y en representación de la SOC. DE GANANCIALES que componen; E.L.A., codemandados y recurrentes.

*Número:* RE-86-593 *Resuelto:* 24 de noviembre de 1987

644

*Norma Cotti Cruz, Subprocuradora General* y *Anabelle Rodríguez, Procuradora General Auxiliar,* abogadas de los recurrentes; *Freddy A. Sánchez,* abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

No obstante haber expedido el auto de revisión que radicara el Estado Libre Asociado de Puerto Rico con el propósito de que revisemos en los méritos una sentencia dictada por el Tribunal Superior de Puerto Rico, Sala de Caguas, mediante la cual se condenó al Estado a satisfacer a la parte demandante recurrida la suma de $238,371.75, nos vemos obligados a anular el auto expedido y devolver el caso al tribunal de instancia. Ello por razón de que: (1) la sentencia emitida por dicho foro no adjudica, *en su parte dispositiva,* todas las reclamaciones y los derechos y obligaciones de todas las partes en el pleito, constituyendo la misma una sentencia parcial, no final, razón por la cual la misma no puede ser objeto de un recurso de revisión, y (2) aun cuando consideráramos el recurso radicado como uno de *certiorari,* procede la denegación del mismo por haber el Estado incumplido con el requisito de notificación según lo requiere la Regla 21(i) de nuestro Reglamento.

# I

Con motivo de unos daños que sufriera en un accidente, que ocurriera entre dos vehículos de motor en el kilómetro 29.3 de la Carretera Estatal Núm. 1, el codemandante recurrido Orlando Cárdenas Maxán(1) radicó una demanda de daños y perjuicios ante el Tribunal Superior de Puerto Rico, Sala de Caguas, contra el Sr. José Rodríguez Rodríguez, conductor del otro vehículo envuelto en el accidente, y contra el Estado Libre Asociado de Puerto Rico. Se alegó en la referida demanda, en lo pertinente, que el accidente ocurrido se debió tanto a la negligencia del codemandado Rodríguez Rodríguez como a las condiciones deplorables en que se encontraba la mencionada carretera; esto es, la responsabilidad del codemandado Estado Libre Asociado tiene su base en las disposiciones del Art. 404 del Código Político de Puerto Rico, 3 L.P.R.A. sec. 421.

El día de la vista en su fondo, 9 de junio de 1986, sucedió —de acuerdo a la "minuta" que recoge los procedimientos acaecidos en dicho día ante el tribunal de instancia— lo siguiente:

A la vista del caso señalada para hoy, compareció la parte demandante personalmente y representada por sus abogados Lcdo. Freddie Sánchez Guardiola y Lcdo. Félix Guardiola. *El Lcdo. Héctor Quijano en representación del Estado Libre Asociado de Puerto Rico.*

*El Lcdo. Sánchez Guardiola informa que el Sr. José Rodríguez Rodríguez se encuentra presente, será utilizado como testigo de la parte demandante. Hubo una transacción por la cantidad de $5,000.00, la misma se hizo libre de costas y gastos de honorarios de abogado, la acción sigue en contra del Estado Libre Asociado de Puerto Rico.* El Lcdo. Raúl Olmo Olmo estuvo presente en Sala.

---

(1) Componen la parte demandante, en adición, la Sra. Ivonne Hernández Díaz y la Sociedad Legal de Gananciales existente entre ésta y el codemandante Orlando Cárdenas Maxán.

> *El Lcdo. Quijano tiene objeción a que salga del pleito el Sr. José Rodríguez Rodríguez.*
>
> *El Tribunal tiene por desistida la acción en contra del Sr. José Rodríguez Rodríguez.*
>
> Las partes argumentan sus posiciones. Se decreta un receso. Las partes se reunieron en Cámara.
>
> Luego del receso, el Lcdo. Quijano expone que se reitera en lo que planteó en Cámara en cuanto a la suspensión del caso.
>
> El Tribunal le indica que la Moción de Suspensión fue declarada Sin Lugar con antelación al día de hoy. El caso está señalado para la vista en su fondo.
>
> El Lcdo. Quijano solicita reconsideración en cuanto a la suspensión del caso. Argumenta.
>
> El Tribunal declara Sin Lugar el planteamiento. (Énfasis suplido.)

Durante el segundo día de juicio sucedió, en lo pertinente, lo siguiente:

> A la Continuación de la Vista, compareció la parte demandante personalmente y representada por sus abogados Lcdo. Freddie Sánchez Guardiola y Lcdo. Félix Guardiola. La parte demandada, Estado Libre Asociado de Puerto Rico por el Lcdo. Héctor Quijano.
>
> *El Lcdo. Quijano expone que es su deseo radicar demanda contr*[a t]*ercero, radica en corte abierta el documento.* (Moción, Demanda y Emplazamiento[.])
>
> El Lcdo. Quijano argumenta su Moción y el Lcdo. Sánchez Guardiola su oposición.
>
> *El Tribunal determina que habiendo comenzado el juicio y por razón de conveniencia procesal se declara Sin Lugar la Moción de la parte demandada para radicar demanda contr*[a t]*ercero.* (Énfasis suplido.)

Debe enfatizarse el hecho de que el tribunal de instancia no redujo a escrito su determinación teniendo por desistida a la parte demandante de su causa de acción contra el codemandado José Rodríguez Rodríguez. En la sentencia que dictara en el caso —de 10 de junio de 1986— el tribunal

de instancia hizo constar, *en la parte correspondiente a la relación del caso,* lo siguiente:

La parte demandante radicó Demanda el día 8 de enero de 1985, contra José Rodríguez Rodríguez y su señora Fulana de Tal, por sí y en representación de la Sociedad de Bienes Gananciales que componen, y a Fulano de Tal en una acción civil de Daños y Perjuicios. El día [15] de abril de 1985 la parte demandante radicó Demanda Enmendada para incluir al Estado Libre Asociado de Puerto Rico en dicha acción civil de Daños y Perjuicios basada en el Artículo 1802 del Código Civil y el Artículo 404 del Código Político de Puerto Rico. (3 L.P.R.A. sección 442). *En cuanto al codemandado, José Rodríguez Rodríguez, la parte demandante desistió voluntariamente con perjuicio, mediante transacción al efecto.* (Énfasis suplido.) *Exibit* I, pág. 2.

En la *parte dispositiva* de la citada sentencia, el foro de instancia *únicamente adjudicó* la reclamación de la parte demandante contra el codemandado Estado Libre Asociado de Puerto Rico;(2) esto es, no hizo determinación alguna referente a la causa de acción que había radicado la parte

---

(2) "SENTENCIA

"Se declara Con Lugar la Demanda enmendada y se condena a la parte demandada, Estado Libre Asociado de Puerto Rico, a pagar a los demandantes la suma de $238,371.75, la cual se distribuye como sigue:

"1. Por daños y depreciación de la propiedad (Jeep) de los demandantes ........................................... $6,700.00

"2. Por pérdida económica de la Sociedad Legal de Gananciales compuesta por los demandantes ................. $5,709.00

"3. Por lucro cesante de la Sociedad Legal de Gananciales compuesta por los demandantes menos la deducción de $2,000.00 de conformidad con la Ley de Protección Social por Accidentes de Automóviles ........................................... $29,920.00

"4. Por daños físicos y mentales sufridos por el demandante, ORLANDO CARDENAS MAXAN, menos la deducción de $1,000.00 de conformidad con la Ley de Protección Social por Accidentes de Automóviles ................................... $26,500.00

demandante contra el codemandado Rodríguez Rodríguez, en relación con la cual en corte abierta había emitido el 9 de junio de 1986 una orden verbal de archivo por desistimiento.

Inconforme con la sentencia dictada, acudió ante este Tribunal el Estado Libre Asociado de Puerto Rico. En el escrito de revisión que radicara el Estado le imputó al tribunal de instancia la supuesta comisión de ocho errores.[3]

---

"5. Por daños físicos y mentales sufridos por la demandante, IVONNE HERNANDEZ DIAZ, menos la deducción de $1,000.00 de conformidad con la Ley de Protección Social por Accidentes de Automóviles .......................................... $249,000.00

SUB-TOTAL ....... $317,829.00

"6. Menos el veinticinco por ciento (25%) de negligencia comparada de los demandantes ............................. $79,457.25

TOTAL ..... $238,371.75

"Se imponen las costas a la parte demandada Estado Libre Asociado de Puerto Rico y se ordena que la presente sentencia se notifique al Departamento de Hacienda.

"REGISTRESE Y NOTIFIQUESE.

"En Caguas, Puerto Rico, hoy día 10 de junio de 1986." *Exibit* I, págs. 15–16.

[3] A saber:

"*Primer Error*

"Erró el Tribunal Superior al no suspender la celebración del juicio el primer día de la vista y al no permitirle al ELA traer como tercero demandado al Sr. José Rodríguez Rodríguez.

"*Segundo Error*

"*Erró el Tribunal Superior al no imponerle responsabilidad alguna al Sr. José Rodríguez Rodríguez como único causante del daño o como cocausante del mismo.*

"*Tercer Error*

"Erró el Tribunal Superior al conceder una partida por concepto de lucro cesante a la Sociedad Legal de Gananciales compuesta por los demandantes ya que no se estableció mediante prueba fehaciente a esos efectos, que la capacidad productiva de la Sra. Hernández Díaz hubiera menguado como resultado directo del accidente sufrido.

"En la alternativa se señala que de proceder tal partida erró el Tribunal Superior al hacer el cálculo correspondiente.

Expedimos al auto mediante resolución de 10 de diciembre de 1986; ordenamos, posteriormente, la transcripción de los procedimientos acaecidos ante el tribunal de instancia. Mediante escrito de 16 de julio de 1987 que intitulara "Moción Informativa", la Lcda. Anabelle Rodríguez de la Oficina del Procurador General de Puerto Rico nos informó que "[p]or inadvertencia de la abogada que suscribe el referido escrito [de revisión] no le fue notificado al licenciado Raúl Olmo Olmo, abogado del codemandado José Rodríguez" y que en dicho día le estaba notificando al referido abogado "copia de dicho escrito al igual que de los otros escritos sometidos por nosotros ante este" Tribunal. En vista de lo informado por el Procurador General, le concedimos término a dicho funcionario para que mostrara causa por la cual este Tribunal no debía desestimar el recurso radicado por falta de jurisdicción.

---

"*Cuarto Error*
"Erró el Tribunal Superior al concederle a los demandantes una partida, ascendente a $6,700.00 por concepto de los daños y depreciación sufridos por el auto propiedad de los demandantes, toda vez que no desfiló prueba en instancia sobre ese particular.
"*Quinto Error*
"Erró el Tribunal al valorar los daños sufridos por los demandantes toda vez que la cantidad otorgada no guarda relación con la prueba presentada y por ser exagerada.
"*Sexto Error*
"Erró el Tribunal Superior al concluir que el ELA le respondía a los demandantes bajo las disposiciones del Artículo 404 del Código Político y que a sentencias dictadas bajo dicho Artículo no le aplican los límites de cuantía de la Ley de Reclamaciones Contra el Estado.
"*Séptimo Error*
"Erró el Tribunal Superior al concluir que el ELA había renunciado a su inmunidad en cuanto al límite de la cuantía a concederse en el caso de autos.
"*Octavo Error*
"Erró el Tribunal Superior al concluir que las fotografías sometidas en evidencia por los demandantes probaron la existencia de hoyos y grietas en la Carretera P.R. 1, km 29.3; y al rechazar el testimonio del Sr. Héctor Delgado." (Énfasis suplido.) Solicitud de Revisión, págs. 7-8.

Dicha parte ha comparecido. En su comparecencia para mostrar causa, el Procurador General argumenta que "el efecto del acuerdo de transacción suscrito entre los demandantes y el señor Rodríguez" no pudo ser otro que ponerle fin "a la controversia o pleito existente entre éstos" y que, por consiguiente, "el señor Rodríguez, forzosamente [cesó] como codemandado y [salió] del pleito" como consecuencia de la orden verbal que emitiera el juez de instancia el 9 de junio de 1986; razón por la cual no tenía que ser notificado con copia del recurso que dicha Oficina radicara.

Estando en condiciones de resolver el recurso, procedemos a así hacerlo.(4)

## II

La Regla 39.1 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III) dispone:

*Regla 39. Desistimiento y Desestimación de los Pleitos*
*39.1. Desistimiento*

(a) *Por el demandante; por estipulación.* Sujeto a las disposiciones de la Regla 20.5, un demandante podrá desistir de un pleito sin orden del tribunal, (1) mediante la presentación de un aviso de desistimiento en cualquier fecha antes de la notificación por la parte adversa de la contestación o de una moción solicitando sentencia sumaria, cualesquiera de éstas que se notifique primero, o (2) mediante la presentación de una estipulación de desistimiento firmada por todas las partes que hayan comparecido en el pleito. A menos que el aviso de desistimiento o la estipulación expusiere lo contrario, el desistimiento será sin perjuicio, excepto que el aviso de desistimiento tendrá el efecto de una adjudicación sobre los méritos cuando lo presentare un demandante que

---

(4) La parte demandante recurrida, luego de nuestra resolución requiriendo del Procurador General que mostrara causa, ha solicitado la desestimación del recurso radicado.

haya desistido anteriormente en el Tribunal General de Justicia, o en algún Tribunal Federal o de cualquier estado de los Estados Unidos, de otro pleito basado en o que incluya la misma reclamación.

(b) *Por orden del tribunal.* A excepción de lo dispuesto en la Regla 39.1(a), no se permitirá al demandante desistir de ningún pleito, excepto mediante orden del tribunal y bajo los términos y condiciones que éste estime procedentes. A menos que la orden especifique lo contrario, un desistimiento bajo este párrafo será sin perjuicio.

De acuerdo con la transcrita disposición, al Estado Libre Asociado de Puerto Rico oponerse a la solicitud de desistimiento que en relación con el codemandado Rodríguez Rodríguez hiciera la parte demandante, solamente procedía el desistimiento solicitado "mediante *orden* del tribunal y bajo los términos y condiciones que éste estime procedentes". (Énfasis suplido.) Como hemos visto, el foro de instancia mediante *orden verbal* a esos efectos declaró con lugar la referida solicitud.

█ Al conceder la solicitud de desistimiento que hiciera la parte demandante relativa al codemandado Rodríguez Rodríguez, mediante "orden" al efecto, el tribunal de instancia obviamente tuvo la intención de ponerle fin a la reclamación entre dichas partes. Sabido es que el "término 'sentencia' ... incluye cualquier determinación del tribunal *que resuelva finalmente la cuestión litigiosa* y de la cual pueda apelarse o solicitarse revisión". (Énfasis suplido.) Regla 43.1 de Procedimiento Civil de 1979. Véanse, en adición: *Sánchez v. Municipio de Cayey,* 94 D.P.R. 92, 98 (1967); *Torres Torres v. Tribunal Superior,* 101 D.P.R. 277, 278 (1973); *Gorbea v. Tribunal Superior,* 104 D.P.R. 138, 144 (1975). El foro de instancia, sin embargo, no redujo a escrito su determinación a esos efectos; esto es, no plasmó por escrito su dictamen —ya fuera por sentencia, ya por "resolución"— decretando el archivo, por razón de

desistimiento, de la reclamación radicada por la parte demandante contra el codemandado Rodríguez Rodríguez. Ello, naturalmente, impidió que se siguiera el trámite formal de archivo en autos dispuesto en las Reglas de Procedimiento Civil. *Gorbea* v. *Tribunal Superior,* ante.

No podemos perder de vista, en adición, que tampoco se cumplió con las disposiciones de la Regla 43.5 de Procedimiento Civil según ésta fuera interpretada en la decisión emitida por este Tribunal en *Asociación de Propietarios* v. *Santa Bárbara Co.,* 112 D.P.R. 33 (1982), y reiterada en *Dumont* v. *Inmobiliaria Estado, Inc.,* 113 D.P.R. 406 (1982), y *Camaleglo* v. *Dorado Wings, Inc.,* 118 D.P.R. 20 (1986). La misma, según interpretada, dispone:

Cuando un pleito comprenda más de una reclamación, ya sea mediante demanda, reconvención, demanda contra coparte o demanda contra tercero o figuren en él partes múltiples, el tribunal podrá dictar sentencia final en cuanto a una o más de las reclamaciones o partes sin disponer de la totalidad del pleito, *siempre que concluya expresamente que no existe razón para posponer dictar sentencia sobre tales reclamaciones o partes hasta la resolución total del pleito, y siempre que ordene expresamente que se registre sentencia.*

Cuando se haga la referida conclusión y orden expresa, la sentencia parcial dictada será final para todos los fines en cuanto a la controversia en ella adjudicada, y una vez sea registrada y se archive en autos copia de su notificación, comenzarán a correr en lo que a ella respecta los términos dispuestos en las Reglas 47, 48 y 53.

*En ausencia de la referida conclusión y orden expresa, cualquier orden o cualquier otra forma de decisión, no importa cómo se denomine, que adjudique menos del total de las reclamaciones o los derechos y obligaciones de menos del total de las partes, no terminará el pleito con respecto a ninguna de las reclamaciones o partes y la orden u otra forma de decisión estará sujeta a reconsideración por el tribunal que la dicte en cualquier momento antes de registrarse sentencia adjudicando todas las reclamaciones y los derechos y*

*obligaciones de todas las partes.* (Énfasis suplido.) 32 L.P.R.A. Ap. III, R. 43.5.

El efecto neto o consecuencia de todo lo anteriormente expuesto es que el codemandado Rodríguez Rodríguez —no obstante la orden verbal que emitiera en corte abierta el juez de instancia el 9 de junio de 1986— *continuó siendo parte en el pleito* por cuanto no se dictó, conforme lo resuelto en el caso de *Asociación de Propietarios* v. *Santa Bárbara, Co.,* ante, sentencia parcial que pusiera fin a la reclamación que contra el codemandado Rodríguez Rodríguez había instado la parte demandante.

Rechazamos el argumento del Procurador General a los efectos de que una parte en un pleito "cesa" como tal y "sale" del mismo meramente porque se le informa al tribunal que ha habido un acuerdo de transacción en cuanto a la reclamación que concierne a dicha parte. Si es que se interesa que un dictamen de esta naturaleza pueda advenir final y firme, se requiere que haya no sólo una acción afirmativa del tribunal concediendo o aprobando la transacción, sino que ésta se plasme por escrito mediante la utilización del mecanismo de la sentencia parcial, que dicha sentencia cumpla con los requisitos exigidos en *Asociación de Propietarios* v. *Santa Bárbara Co.,* ante, y que, naturalmente, copia de la misma sea archivada en autos y notificada a todas las partes.

No habiéndose seguido dicho procedimiento, la orden o dictamen verbal emitida el 9 de junio de 1986 por el tribunal de instancia en el presente caso continuó sujeta a reconsideración por dicho foro hasta que se registrara "sentencia adjudicando todas las reclamaciones y los derechos y obligaciones de todas las partes". *Asociación de Propietarios* v. *Santa Bárbara Co.,* ante.

Ello fue lo que pretendió hacer el tribunal de instancia al dictar la sentencia de 10 de junio de 1986. *Esta sentencia, ¿adjudicó todas las reclamaciones y los derechos de todas las partes envueltas en el caso?* La contestación a dicha interrogante resulta clave para la correcta solución del mismo. De ello efectivamente ser así, el codemandado recurrente Estado Libre Asociado venía —en cumplimiento de las disposiciones de la Regla 53.3 de Procedimiento Civil— en la obligación de notificar, so pena de desestimación del recurso por falta de jurisdicción, tanto a la parte demandante como al codemandado Rodríguez Rodríguez con copia del recurso de revisión que radicara ante este Tribunal dentro del término de sesenta días del archivo en autos de copia de la referida sentencia. Bajo dicha alternativa vendríamos en la obligación de decretar la desestimación del recurso por falta de jurisdicción en vista del hecho de que el codemandado Rodríguez Rodríguez no fue notificado en tiempo por el Procurador General con copia del recurso de revisión que radicó. Ello, naturalmente, tendría el efecto de hacer que dicha sentencia adviniera final, firme y ejecutable.

■ Por el contrario, de la sentencia en controversia no ser una que adjudique los derechos y reclamaciones de *todas* las partes, la misma constituiría una sentencia parcial, la "revisión" de la cual forzosamente se rige por las disposiciones de la Regla 43.5 de Procedimiento Civil, según ésta fuera interpretada por este Tribunal en *Asociación de Propietarios* v. *Santa Bárbara Co.*, ante. De cumplir la misma con lo resuelto en el citado caso de *Asociación de Propietarios* v. *Santa Bárbara Co.*, ante, el recurso a interponerse sería, igualmente, el de revisión. De ello no ser así, el recurso apropiado a ser radicado hubiese sido el de *certiorari.*

### III

█ "Una sentencia es final o definitiva cuando resuelve el caso en sus méritos y termina el litigio entre las partes, en forma tal que no queda pendiente nada más que la ejecución de la sentencia." *Camaleglo* v. *Dorado Wings, Inc.,* ante; *Cortés Román* v. *E.L.A.,* 106 D.P.R. 504, 509 (1977); *Dalmau* v. *Quiñones,* 78 D.P.R. 551, 556 (1955).

J. Guerra San Martín, en su libro *Lecciones de Derecho Procesal Civil,* Madrid, Universidad de Deusto, 1978, T. 1, pág. 223, al hablar sobre la estructura de las sentencias, nos dice que el "fallo...es la parte final de la sentencia, denominada así por la práctica española de iniciarse con la palabra 'fallo' o 'fallamos' (en los tribunales colegiados). *En el fallo el juez resuelve el proceso, estimando o desestimando las pretensiones de las partes.* Según el Art. 359 de la Ley de Enjuiciamiento Civil, el fallo debe ser claro, preciso y congruente con las pretensiones de las partes y al mismo tiempo *debe resolver todas las cuestiones y pretensiones planteadas en el pleito,...".* Expresa adicionalmente el mencionado comentarista que: "En principio, para juzgar sobre la congruencia de una sentencia, es menester comparar los suplicos [*sic*] de la demanda y contestación, con el fallo de la sentencia, *lugares en que respectivamente las partes concretan sus peticiones y el Juez su decisión".* (Énfasis suplido.) Guerra San Martín, *op. cit.,* pág. 223.

█ Una sentencia es distinguible de las determinaciones de hecho y las conclusiones de derecho del tribunal, aun cuando estas últimas se incorporen en el mismo documento con la sentencia. Regla 43.2 de Procedimiento

Civil de 1959.(⁵) Véanse, en adición: 46 Am. Jur. 2d *Judgements* Sec. 4 (1969); *Carolina Aluminum Co.* v. *Federal Power Com.*, 97 F.2d 435 (1938); *Brady* v. *Interstate Commerce Commission*, 43 F.2d 847, confirmada, 283 U.S. 804 (1930).(⁶) Las determinaciones de hecho y conclusiones de derecho constituyen los fundamentos en que apoya el juez la sentencia que emite en el caso.

 Es sólo la porción o *parte dispositiva* de la "sentencia" la que constituye la sentencia; *los derechos de las partes son adjudicados, no mediante la relación de los hechos, sino únicamente mediante la parte dispositiva de la misma.* 46 Am. Jur. 2d *Judgements* Sec. 78 (1969); *Iowa Public Service Co.* v. *Sioux City*, 254 Iowa 22, 116 N.W.2d 466 (1962);(⁷) *Wolf* v. *Murrane*, 199 N.W.2d 90, 95 (Iowa 1972); *Peters* v. *Peters*, 214 N.W.2d 154 (Iowa 1974). En otras palabras, es en la parte dispositiva de la sentencia donde se adjudican y determinan las controversias del caso y donde se definen los derechos de las partes. 49 C.J.S. *Judgements* Sec. 71 (1969); *McGhee* v. *Leitner*, 41 F. Supp. 674 (W.D. Wis. 1941); *Standard Oil Co.* v. *Clark*, C.C.A.N.Y., 163 F.2d 917 (2d Ct. 1947), *cert.* denegado 68 S. Ct. 901, 333 U.S. 873 (1947), 92 L. Ed. 1149.(⁸) Siendo ello así, la adjudicación

---

(⁵) *"Regla 43.2. Declaración de hechos probados y conclusiones de derecho*

En todos los pleitos el tribunal especificará los hechos probados y separadamente consignará sus conclusiones de derecho y *ordenará que se registre la sentencia que corresponda;* ...." (Énfasis suplido.) 32 L.P.R.A. Ap. III.

(⁶) "A judgement is also distinct from the findings of a court, even though such findings are incorporated in the same instrument with the judgement." (Citas omitidas.) 46 Am. Jur. 2d *Judgements* Sec. 4 (1969).

(⁷) "In any event, it is only the decretal portion of the judgement that is operative as a judgement; the rights of the parties are adjudicated, not by the recital of facts, but solely by the decretal portion." 46 Am. Jur. 2d *Judgements* Sec. 78 (1964).

(⁸) "The judgement or decree does not reside in its recitals, but in the mandatory or decretal portion thereof, which adjudicates and determines the

expresa va por encima de, o controla, las meras relaciones de hecho. 49 C.J.S. *Judgements* Sec. 437 (1947); *Standard Oil Co.* v. *Clark,* ante.([9]) En igual sentido se expresan: C. A. Wright, A. R. Miller y M. K. Kane, *Federal Practice and Procedure: Civil* 2d, Sec. 2651([10]) y 6A *Moore's Federal Practice* Sec. 58.02 (2da ed. 1987).([11])

Esta doctrina es una firmemente establecida en la jurisdicción federal. Véanse: *Standard Oil Co.* v. *Clark,* ante; *McGhee* v. *Leitner,* ante. En *McGhee* v. *Leitner,* ante, pág. 676, citado con aprobación en *Greater Anchorage Area Bor.* v. *City of Anchorage;*([12]) y en *City and Bor. of Juneau* v. *Thibodeau,*([13]) se expresó lo siguiente:

> The recital of facts in a decree is usual and proper, but the rights of the parties are adjudged not by the recital of facts, *but solely by the decretal portion of the decree. It is this and this only that becomes the final judgement of the Court from which an appeal will lie.* (Énfasis suplido.)

En iguales términos se ha expresado el Tribunal Federal del Circuito de Apelaciones para el Cuarto Circuito en *Carolina Aluminum Co.* v. *Federal Power Commission:*([14])

---

issues in the case and defines and settles the rights and interests of the parties as far as they relate to the subject matter of the controversy." (Citas omitidas.) 49 C.J.S. *Judgements* Sec. 71(a) (1947).

([9]) "Since, as is discussed, *supra* Sec. 71, a judgement rests on the mandatory parts thereof rather than on the recitals therein, express adjudication controls mere recitals." (Escolios omitidos.) 49 C.J.S. *Judgements* Sec. 437 (1947).

([10]) "The terms 'decision' and 'judgement' are not synonymous under the federal rules. The decision consists of the court's findings of fact and conclusions of law; the rendition of judgement is the pronouncement of that decision and the act that gives it legal effect." (Citas omitidas.)

([11]) "The term 'decision' is sometimes applied to the findings of fact and conclusions of law, which the court is to make in a case tried without a jury, and as so used it is not a 'judgement' within the meaning of Rule 54(a)."

([12]) 504 P.2d 1027, 1031 (1972).

([13]) 595 P.2d 626, 628 (1979).

([14]) 97 F.2d 435, 436 (1938).

> An order of the Commission is analogous to the judgement of a court; and it is well settled that [the] findings [upon which a judgement is based] constitute no part of the judgement itself even though incorporated in the same instrument.... *"The judgement itself does not reside in its recitals, but in the mandatory portions."* (Énfasis suplido.)

Véase, además, *Wilkins* v. *Couch*, 10 F.R.D. 532, 533 (1950).([15]) A los mismos efectos, en la esfera estatal, *Iowa Public Service Co.* v. *Sioux City*, ante;([16]) *Wolf* v. *Murrane*, ante, y *Peters* v. *Peters*, ante.

## IV

A la luz de la doctrina antes expuesta, no cabe duda de que estamos ante una sentencia *parcial* en el presente caso. Ello es así por cuanto la sentencia que emitiera el tribunal de instancia no adjudicó todas las reclamaciones y los derechos y obligaciones de todas las partes en el pleito *en su parte dispositiva*, la cual, como hemos visto, es la única parte de la sentencia donde el tribunal dispone de y adjudica las reclamaciones, derechos y obligaciones de las partes en un pleito. En el caso de autos, *la parte dispositiva de la sentencia dictada por el tribunal de instancia sólo adjudica la reclamación de la parte demandante contra el codemandado, Estado Libre Asociado de Puerto Rico.*([17]) *En dicha parte dispositiva no existe disposición alguna respecto a la reclamación de la parte demandante contra el codemandado Rodríguez Rodríguez.* La única referencia a dicha reclamación, como hemos visto, aparece en la parte correspondiente a la relación del caso.

---

([15]) "However, a judgement must make a final determination and disposition of the claim.... Rather than a final disposition of the case, the Court made findings of fact and tentative conclusions of law and these clearly do not constitute a judgement."

([16]) Ver referencia exhaustiva de jurisprudencia en las págs. 468–469.

([17]) Ver nota (2).

*No habiéndose dispuesto nada respecto a dicha reclamación en la parte dispositiva de la sentencia emitida, la misma permanece viva y pendiente de adjudicación.*

Por otro lado, el tribunal de instancia al emitir la sentencia en controversia no cumplió totalmente con los requisitos establecidos en la Regla 43.5 de Procedimiento Civil, según interpretados en *Asociación de Propietarios* v. *Santa Bárbara, Co.*, ante.[18] Siendo ello así, dicha sentencia sólo sería revisable mediante recurso de *certiorari*, expedido a discreción de este Tribunal.

No obstante, en el caso ante nuestra consideración, nos vemos impedidos de así hacerlo. Como hemos visto, el Procurador General incumplió con el requisito de notificación del recurso a todas las partes, lo cual constituye una violación de las disposiciones de la Regla 21(i) — referente al recurso de *certiorari*— de nuestro Reglamento.[19]

Debe recordarse que en reiteradas ocasiones, *In re Reglamento del Tribunal Supremo*, 116 D.P.R. 670 (1985); *Mfrs. H. Leasing* v. *Carib. Tubular Corp.*, 115 D.P.R. 428 (1984); *Matos* v. *Metropolitan Marble Corp.*, 104 D.P.R. 122 (1975), hemos apercibido y notificado a la clase togada sobre el estricto cumplimiento de las disposiciones reglamentarias sobre los recursos presentados ante este Tribunal.

Por las razones antes expresadas, y aun considerando el recurso radicado como uno de *certiorari, nos vemos obligados a anular el auto expedido y devolver el caso al*

---

[18] Ibíd.

[19] *"Regla 21. Procedimiento en 'certiorari':*

. . . . . . . .

"(i) · El peticionario notificará la petición de *certiorari* a todas las demás partes de la misma manera que para el recurso de revisión dispone la Regla 53.3 de Procedimiento Civil, y se certificará el hecho de la notificación en la propia petición al presentarla al Tribunal." 4 L.P.R.A. Ap. I-A, R. 21.

*foro de instancia para que éste adjudique mediante senten-*
*cia todas las reclamaciones, los derechos y obligaciones de*
*todas las partes en el pleito.*

*Se dictará sentencia de conformidad.*[20]

El Juez Asociado Señor Negrón García concurre en el resultado sin opinión.

---

[20] La norma que hoy adoptamos a los efectos de que es en su parte dispositiva donde las sentencias emitidas por los tribunales de instancia deben disponer de las reclamaciones, derechos y obligaciones de las partes envueltas en el pleito tendrá carácter prospectivo.