# 95 DTA 95

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL II
REGION JUDICIAL DE BAYAMON**

EL PUEBLO DE PUERTO RICO
Recurrido

v.

DANIEL CORDERO ROJAS, DAVID CORDERO ROJAS,
RICARDO GUZMAN PEREZ, MIRIAM CRUZ ORTIZ
Peticionarios

Núm. KLCE-95-00129

San Juan, Puerto Rico, a 8 de junio de 1995

Panel integrado por su presidenta, Juez Fiol Matta, la
Juez Rodríguez de Oronoz y la Juez López Vilanova

Rodríguez de Oronoz, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA
### (En reconsideración)

El 28 de marzo de 1995 dictamos sentencia desestimando el *certiorari* y la moción en auxilio de jurisdicción presentados en el caso de epígrafe. **[95 DTA 39, pág. 140]** La razón para así proceder fue el incumplimiento por el peticionario de los requisitos para el perfeccionamiento del recurso instado, según constan éstos en el Reglamento del Tribunal de Circuito de Apelaciones.

En esencia, la petición de *certiorari* presentada en aquel momento no incluyó el apéndice requerido por la Regla 19(B) del Reglamento de este Tribunal y no contamos, por lo tanto, con la documentación necesaria que nos pusiera en condiciones de determinar si procedía o no la expedición del auto solicitado.

El peticionario acude nuevamente ante nosotros solicitando la reconsideración de la sentencia. Por las razones que pasamos a exponer denegamos la reconsideración solicitada.

Argumenta el peticionario que este Tribunal debe considerar el escrito de *certiorari* presentado ya que el apéndice con los documentos requeridos por la Regla 19(E) del Reglamento se había incluído en el recurso original presentado ante la Secretaría del Tribunal de Primera Instancia, Sala Superior de Bayamón, aunque por error involuntario de su parte dicho apéndice no fue incluído en las copias sometidas al Tribunal de Circuito de Apelaciones.

Veamos las disposiciones legales y reglamentarias aplicable.

La Ley de la Judicatura de 1994, Ley Núm. 1 de 28 de julio de 1994 dispone que recursos de *certiorari* como el de autos se formalizarán presentando una solicitud en la secretaría de la sede del tribunal revisado dentro de los treinta (30) días siguientes a la fecha de notificación de la resolución u orden. La secretaría del tribunal revisado remitirá copia de dicha solicitud a la Secretaría del Tribunal de Circuito de Apelaciones. Dicho recurso se podrá presentar también en la Secretaría del Tribunal de Circuito de Apelaciones, en cuyo caso la Secretaría de este Tribunal remitirá copia del recurso a la secretaría de la sede del tribunal revisado. El término de treinta (30) días dispuesto por ley es de cumplimiento estricto, excepto cuando mediaren circunstancias especiales debidamente sustentadas en la petición de *certiorari*. (Art. 4.002(c)).

Por su parte, el Reglamento de este Tribunal dispone que el recurso de *certiorari* se formalizará mediante la presentación de un escrito de *certiorari* en la Secretaría del Tribunal de Primera Instancia del tribunal revisado y cuatro (4) copias del mismo en la Secretaría del Tribunal de Circuito de Apelaciones. Se dispone que podrá también presentarse el recurso de *certiorari* en la Secretaría del Tribunal de Circuito de Apelaciones, en original y cuatro (4) copias, en cuyo caso, el Secretario del Tribunal de Circuito de Apelaciones enviará una copia del recurso a la sede del tribunal revisado. El Reglamento recoge, asimismo, la disposición de ley de que el término para la presentación del recurso de *certiorari* de cualquier resolución, orden o providencia judicial de naturaleza interlocutoria será de treinta (30) días a partir de la fecha de notificación de la resolución u orden. Se reitera que el término así dispuesto es de cumplimiento estricto, excepto cuando mediaren circunstancias especiales debidamente sustentadas en la petición de *certiorari*. (Regla 18(A); Regla 18(B)(b)).

A la luz de las anteriores disposiciones examinemos la petición de *certiorari* de autos.

Se nos solicita revisemos la resolución emitida el 16 de febrero de 1995 en corte abierta por el Hon. Ramón E. Gómez Colón, Juez del Tribunal de Primera Instancia, Sala Superior de Bayamón. El término de treinta (30) días para recurrir de ella al Tribunal de Circuito de Apelaciones venció el sábado, 18 de marzo de 1995, siendo el último día hábil el siguiente lunes 20 de marzo. (Regla 68.1 de Procedimiento Civil).

El peticionario presentó un escrito de *certiorari* en la Secretaria del Tribunal de Primera Instancia del tribunal revisado el 20 de marzo de 1995. Al así hacer, hizo uso del derecho que tiene, bajo las disposiciones reseñadas, a presentar la solicitud de *certiorari* en la secretaría de la sede del tribunal revisado dentro de los treinta (30) días siguientes a la fecha de la notificación de la resolución recurrida.

Dentro del término de los treinta (30) días dispuesto para presentar el escrito, el peticionario debía perfeccionarlo, bien presentando las cuatro (4) copias del recurso en la Secretaría del tribunal revisado o en la Secretaría del Tribunal de Circuito de Apelaciones.

En el caso que nos ocupa, la solicitud fue presentada en tiempo en el tribunal revisado, pero las cuatro (4) copias del mismo, que son requeridas para el perfeccionamiento del recurso, no fueron presentadas ese día (último día hábil para presentar y perfeccionar el recurso) ni en la Secretaría del tribunal revisado ni en la Secretaría del Tribunal de Circuito de Apelaciones. Debemos concluir, por tanto, que el recurso no fue perfeccionado en tiempo. En la petición de *certiorari* no se sustentó circunstancia especial alguna que impidiera al peticionario cumplir con las disposiciones legales y reglamentarias aplicables.

Al día siguiente, transcurrido ya el término de treinta (30) días, el peticionario presentó las cuatro (4) copias del recurso en la Secretaría del Tribunal de Circuito de Apelaciones. En estas cuatro (4) copias no se incluyó el apéndice requerido por la Regla 19(E) de nuestro Reglamento. Por lo tanto, las cuatro (4) copias del recurso que se requieren para que éste quede perfeccionado se presentaron fuera de término, y además, no cumplían con las disposiciones reglamentarias aplicables al recurso en cuestión. Tampoco se sustentó circunstancia especial alguna que impidiera al peticionario cumplir con las disposiciones legales y reglamentarias aplicables.

Reiteramos, por tanto, el pronunciamiento en nuestra sentencia de 28 de marzo de 1995 de que el peticionario no cumplió con las disposiciones legales y reglamentarias de nuestro Reglamento que regulan el auto de *certiorari* y las formalidades para su presentación.

No cumpliéndose fielmente el trámite aplicable para el perfeccionamiento del auto de *certiorari* instado ante este Tribunal, y no justificándose dicho incumplimiento en la petición de *certiorari*, procede confirmar nuestro dictamen de desestimación del recurso y denegar la reconsideración solicitada.

Es menester recalcar que los peticionarios deben cumplir fielmente el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos instados en el tribunal, *Matos v. Metropolitan Marble Corp.,* 104 D.P.R. (1975), siendo totalmente impermisible dejar al arbitrio de las partes qué disposiciones reglamentarias deben acatarse y cuáles no. *Cárdenas Maxán v. Rodríguez,* 119 D.P.R. 642 (1987). Es por ello que es doctrina firmemente establecida que el incumplimiento con los requerimientos establecidos en el reglamento de un tribunal apelativo puede servir de fundamento para la desestimación de un recurso. *Id.* a la pág. 642; Regla 31 del Reglamento del Tribunal de Circuito de Apelaciones.

Por los fundamentos antes expuestos se deniega la moción de reconsideración.

Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Seretaria General

**ESCOLIO 95 DTA 95**

**1.** En la petición de *certiorari* se nos solicita que revoquemos la resolución que declaró no ha lugar la solicitud de desestimación bajo la Regla 64(p) de Procedimiento Criminal y la solicitud de·supresión de evidencia presentadas por la defensa. De los documentos que examinamos ahora por primera vez y que acompañan la moción de reconsideración surge que la moción al amparo de la Regla 64(p) fue declarada no ha lugar el día 9 de febrero de 1995 y por lo tanto el término de treinta (30) días para recurrir de la misma venció el sábado, 11 de marzo de 1995, trasladándose dicho término al lunes, 13 de marzo de 1995,