Hernández Torres, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
I
En el presente caso los apelantes acuden solicitando la revocación de la sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de Caguas, el 26 de junio de 1997, mediante la cual se desestimó la demanda por éstos presentada en contra del Estado por la muerte de José Luis Torres Quiñones en un accidente automovilístico.
Alegaron en dicha demanda que el Estado es responsable por dicho accidente por no haber colocado vallas protectoras en la carretera donde el difunto sufrió el fatal accidente.
El 12 de septiembre de 1992 el Sr. José Luis Torres transitaba en su automóvil por la carretera Núm. 763 en dirección de Caguas a Guayama.
A la 1:30 am aproximadamente su automóvil cayó por un risco causándole la muerte a Torres.
De la prueba desfilada en la vista del caso se desprende que Torres el día 11 de septiembre salió de su trabajo a las 4:00 pm y se dirigió en compañía de su compañero de trabajo y amigo, Emiliano Claudio Alvarado, a jugar billar y oír música hasta la media noche.
Durante ese tiempo ambos ingirieron un total de dos (2) cervezas cada uno e ingirieron algunos alimentos. Luego de ésto ambos se montaron en sus respectivos vehículos y se marcharon del lugar regreso a sus hogares. Según testificó el Sr. Alvarado, éste iba en su automóvil detrás del vehículo del diftinto cuando vio que este último patinó y se cayó por un risco.
El Ing. Vespasiano E. Collazo testificó como perito. Este declara que en su opinión la carretera donde sufrió el accidente el señor Torres Quiñones debía haber estado protegida con vallas para evitar un accidente como el ocurrido y que al no tener dicha protección, la carretera no cumple con las *722 normas estatales o federales. A preguntas de la abogada de la demandada, Collazo señaló que no sabía el volumen de tráfico que circula por dicha carretera ni el número de accidentes ocurridos en ésta. Igualmente indicó que este es el primer caso en el que ofrece peritaje en el diseño de carreteras.
Por su parte la patóloga, Dra. Orfelia G. Vera, declaró como único testigo de la parte demandada, que practicó el examen de autopsia al causante el día 13 de septiembre de 1992.
Declaró que el cuerpo de Torres Quiñones tenía un contenido de 0.09 de alcohol en la sangre al momento de realizar la autopsia y que el cuerpo humano elimina 0.02 de alcohol por hora. Igualmente, Vera señaló que Torres Quiñones posteriormente al accidente se encontraba en estado comatoso, es decir que no murió instantáneamente, por lo que no podía determinar con certeza cuánto alcohol había absorbido el cuerpo del causante. Declaró que sí podía determinar que los niveles de alcohol en la sangre del causante al momento del accidente eran mayores a los encontrados en la autopsia.
II
La sección 422 del Título 3 de L.P.R.A. indica que:

"El Estado Libre Asociado de Puerto Rico será responsable civilmente de los daños y perjuicios que se ocasionen a las personas o propiedad por desperfectos, falta de reparación o de protección suficientes para el viajero en cualquier vía de comunicación perteneciente al Estado Libre Asociado y a cargo del Departamento de Transportación y Obras Públicas, excepto donde se pruebe que los desperfectos de referencia fueron causados por la violencia de los elementos y que no hubo tiempo suficiente para remediarlos. - Código Político, 1902, art 404; mayo 10, 1950, Núm. 273, p. 709, see. 1; Const. art. I, sec. 1, art. IX, sec. 4; julio 24, 1952, Núm. 6, p. 11; Plan de Reorg. Núm. 6 de 1971, art. I."

Ahora bien, el Tribunal Supremo, al interpretar dicho estatuto ha establecido que:

"Bajo ambos, Art. 404 del Código Político y 1802 del Código Civil, es menester probar el nexo de causalidad entre los daños sufridos y las condiciones de la carretera.

Sólo hay obligación de indemnizar si los daños constituyen una consecuencia del hecho." Rivera Jiménez v. Garrido & Co., 93 J.T.S. 158 (1993).
A su vez en Estremera v. Inmobiliaria Rac, Inc., 109 D.P.R. 852 (1980), el Tribunal resolvió que:

"Para que exista relación causal la acción u omisión tiene que ser idónea para producir el efecto esperado, que tiene que determinarlo normalmente. A fin de establecer esa vinculación de causa y efecto entre esos dos sucesos, tenemos que realizar un análisis retrospectivo de posibilidad. En vista de eso, no es suficiente que un hecho aparezca como condición de un evento, si regularmente no trae aparejado ese resultado. La causalidad está necesariamente limitada por el ámbito de la obligación, pues es infinita la serie de daños que, en interminable encadenamiento, pueden derivarse del incumplimiento de una obligación".

Más aún en Cárdenas Maxán v. Rodríguez, 119 D.P.R. 642 (1987), el Tribunal indicó que:

"Por otro lado, la diferencia crucial entre el Art. 404 y el 1802 es que no exige, como elemento de la causa de acción, que se pruebe culpa o negligencia por parte del Estado Libre Asociado de Puerto Rico. No obstante, quien reclama tiene siempre la obligación de probar la relación causa entre el desperfecto en la vía pública y los daños sufridos".

III
Es incuestionable el hecho de que el presente caso es uno sumamente trágico y penoso. Nos encontramos frente a una situación sumamente difícil de aceptar para los familiares y seres queridos del causante.
Ahora bien, esta situación no debe llevamos a apartamos del sendero jurídico que la ley y la jurisprudencia han marcado en nuestro ordenamiento. No podemos perder de vista que el Artículo 404 *723 del Código Político de Puerto Rico, 3 L.P.R.A. sec. 422, es el precepto a usarse para evaluar por daños que surgen de desperfectos, falta de reparación o de protección suficiente para los que usan las carreteras estatales. No obstante esto no constituye una norma de responsabilidad absoluta. Rivera Jiménez v. Garrido, 93 J.T.S. 158, ni convierte al Estado en un garantizador absoluto de la seguridad de los usuarios de las carreteras públicas. Rivera Jiménez v. Garrido, supra,
Al analizar la decisión del Tribunal de Primera Instancia, encontramos que esta se basa primordialmente en la falta de convicción en dicho foro de que exista un nexo causal entre las alegadas omisiones del Estado y el trágico accidente sufrido por el señor Torres Quiñones.
Es nuestro criterio que la sentencia del Tribunal de Instancia es una clara y precisa tanto en sus determinaciones de hecho como en las de derecho no existiendo ninguna razón para que este tribunal las altere llegando aun resultado distinto.
Al estudiar el testimonio pericial del ingeniero Vespasiano E. Collazo, no puede este foro determinar con certeza que haya sido la falta de la vallas protectoras la causa eficiente del accidente. Para ésto era necesario que quedara establecido que dicha omisión, regularmente trae como consecuencia ese resultado. Resulta imposible llegar a esta determinación, cuando, la parte demandante no fue capaz de establecer el volumen vehicular ni la cantidad de accidentes similares al del señor Torres Quiñones ocurridos, si alguno, en dicho tramo de la carretera.
Por otra parte, existe una posibilidad, según se desprende del testimonio de la doctora Vera, de que el causante haya estado conduciendo bajo la influencia del alcohol, por lo que este Tribunal no está en posición de determinar si en efecto fue la ausencia de una valla protectora la causa eficiente o adecuada del accidente.
IV
Por los fundamentos expuestos se confirma la sentencia apelada.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General