# 95 DTA 1

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE SAN JUAN**

LIANA SAMPAYO ANDREU
Demandante-Apelada

v.

M.T. SCIENCE PRODUCTS, INC. Y OTROS
Demandados-Apelantes

Núm. KLAN-95-00001

San Juan, Puerto Rico, a 3 de febrero de 1995

Panel integrado por su presidente, Juez Señor Rossy García,
y los Jueces Señora Alfonso de Cumpiano y Señor Negrón Soto

Rossy García, Juez Ponente

KGV
74
.A2 1995
v. 1

KGV
74
A2 1995
.1
†. 1.

## TEXTO COMPLETO DE LA SENTENCIA

### I

En la práctica apelativa las partes vienen obligadas a cumplir fielmente el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos instados en el tribunal, *Matos v. Metropolitan Marble Corp.,* 104 D.P.R. 122, 125 (1975), siendo totalmente impermisible dejar al arbitrio de las partes qué disposiciones reglamentarias deben acatarse y cuáles no. *Cárdenas Maxán v. Rodríguez,* 119 D.P.R. 642, 659 (1987). Es por ello que es doctrina firmemente establecida que el incumplimiento con los requerimientos establecidos en el reglamento de un tribunal apelativo puede servir de fundamento para la desestimación de un recurso. *Id.* a la pág. 642.

Por otro lado, la jurisdicción no se presume. La parte tiene que invocarla y acreditarla toda vez que previo a considerar los méritos de un recurso, el tribunal tiene que determinar si tiene facultad para entender en el mismo. *Soc. de Gananciales v. A.F.F.,* 108 D.P.R. 644, 645 (1979).

En armonía con los principios antes expuestos, la Regla 15(B)(3) del Reglamento del Tribunal de Circuito de Apelaciones dispone expresamente que el escrito de apelación en casos civiles contendrá, entre otros extremos, lo siguiente:

*"(3) Designará la sentencia, o la parte pertinente de ésta, de la cual se apela, el nombre y el número del caso ante el Tribunal de Primera Instancia, la Sala del Tribunal de Primera Instancia que dictó la sentencia, la fecha en que fue dictada y la fecha del archivo en autos de copia de la notificación de la sentencia y **de la decisión respecto a cualquier moción que hubiera interrumpido el término para apelar dispuesto en las Reglas de Procedimiento Civil, como también la fecha en que ésta fue resuelta."* (Enfasis nuestro)

Obviamente dicha exigencia tiene el propósito de colocar al tribunal apelativo en condición de examinar su propia jurisdicción, así como aquella del foro de donde procede el recurso, lo que es su obligación. *Vázquez v. A.R.P.E.,* ___ D.P.R. ___ (1991), **91 J.T.S. 53**, pág. 8661. De tan fundamental importancia es dicha exigencia para la eficiente tramitación de los recursos presentados ante el Tribunal de Circuito de Apelaciones, que a continuación dispone dicha regla en forma clara y sin ambages que *"[si] el apelante no cumpliere estrictamente con los requisitos antes mencionados, el Tribunal de Circuito de Apelaciones desestimará la apelación, a solicitud de parte o a iniciativa propia".* Así también ha sido resuelto desde *In re: Reglamento del Tribunal Supremo,* 116 D.P.R. 670, 671-72 (1985), donde nuestro más alto foro fue enfático al expresar que:

*"...todo escrito debe acreditar fehacientemente la jurisdicción de este Tribunal haciendo una relación de los trámites observados y presentando ante nos todos aquellos documentos necesarios que permitan una corroboración efectiva de la misma. Así, deberá acompañarse con el recurso copia de la sentencia, de su notificación y archivo y en aquellos casos en que se interponga moción de reconsideración y solicitud de determinaciones de hecho adicionales, también se acompañará copia de las mismas donde aparezca claramente la fecha de presentación en Secretaría y notificación a las otras partes. Asimismo, cuando un tribunal de instancia actúe sobre una moción de reconsideración deberá acreditarse tal hecho mediante copia de la orden de que se trate o del señalamiento que se hiciere, si alguno.*

*El incumplimiento de éstas y cualesquiera otras disposiciones del reglamento de este Tribunal acusa desconocimiento de las mismas, cuando no su negligente o voluntaria desobediencia. Además, entre los muchos asuntos ante nos, dificulta la lectura y análisis de los recursos y promueve dilaciones indebidas, trámites adicionales y gastos innecesarios."*
(Enfasis nuestro).

## II

Dirigiendo nuestra atención a la situación particular del escrito de apelación que nos ocupa, mediante éste se interesa la revocación de una sentencia dictada por el Tribunal de Distrito, Sala de San Juan, notificada y archivada en autos copia de su notificación el 14 de junio de 1994.Expuesto lo antes indicado y sin acreditar la jurisdicción de este foro revisor para entender en los méritos del recurso interpuesto, pasa la parte apelante a exponer una relación de la prueba que fue aportada en ocasión de la vista en su fondopara entonces señalar, sin indicar que interpuso moción oportuna ni la fecha de la decisión del tribunal respecto a cualquier moción que hubiera interrumpido el término para apelar, que presentó solicitud de reconsideración la cual se declaró no ha lugar el 13 de diciembre de 1994, extremo que tampoco fue acreditado. Por último indica, que *"[el] 4 de enero de 1995 el Hon. Juez de Apelaciones Angel González Ramer (sic), declaró no ha lugar una solicitud de apelación, número KAC94-1046, por estar pendiente la reconsideración..."*

Un examen del trámite procesal habido en el caso al que hace referencia la parte apelante, Civil Núm. KAC94-1046, del cual tomamos conocimiento toda vez que por razones obvias ésta no sometió copia de todos los escritos pertinentes con su recurso, refleja que el Tribunal Superior emitió sentencia en dicho caso el 14 de octubre de 1994, la que fue debidamente notificada el 17 de octubre de 1994,disponiendo la desestimación de un recurso de apelación presentado por los aquí apelantes en el que peticionaban la revocación de la misma sentencia que es objeto del recurso instado en el caso de epígrafe. Dicho dictamen descansó en que habiendo interpuesto los apelantes una moción de reconsideración, la que fue acogida por el tribunal de instancia, ello tuvo el efecto de interrumpir el término para apelar tornando en prematuro el recurso presentado en dicho caso.

Desestimada como fue la apelación interpuesta en el caso KAC-94-1046, el tribunal de instancia emitió resolución el 13 de diciembre de 1994, notificada en igual fecha,declarando sin lugar la moción de reconsideración interpuesta por los aquí apelantes, ratificándose así en el dictamen que es objeto del recurso que nos ocupa. Notificada como fue dicha resolución, procedieron los apelantes a solicitar mediante moción la reapertura del caso KAC94-1046, recurso de apelación previamente desestimado según ya indicado. Ello dio base a que el Tribunal Superior emitiera Orden el 4 de enero de 1995, a la que hace referencia la parte apelante en su escrito y que fue notificada el 13 de enero de 1995, la que procedemos a transcribir íntegramente:

## "ORDEN

*San Juan, Puerto Rico, a 4 de enero de 1995*

*El escrito de apelación fue atendido por Sentencia del 14 de octubre de 1994. En ese momento el Tribunal carecía de jurisdicción.*

*Una vez resuelta la Moción de Reconsideración es que procede la apelación. Ni las Reglas de Procedimiento civil ni las de Apelación proveen para la "reapertura de una apelación sobre la que el Tribunal no tuvo jurisdicción."*

Denegada como fue dicha moción de reapertura y estando los apelantes en condición de presentar nuevo escrito de apelación en tiempo oportuno, no lo hicieron. Dejaron así transcurrir el término jurisdiccional de treinta (30) días dispuesto por la Regla 53.1 de Procedimiento Civil, el que comenzó a transcurrir a partir de la fecha en que se archivó en autos copia de la notificación de la resolución resolviendo definitivamente la moción de reconsideración. para presentar el recurso del caso de epígrafe el 26 de enero de 1995, habiendo ya expirado dicho término.

### III

Examinado ahora el recurso de apelación instado en el caso de epígrafe a la luz del trasfondo antes expuesto, forzoso resulta concluir en primer lugar que la parte apelante incumplió con su obligación de alegar y acreditar la jurisdicción de este foro apelativo para considerar y entender en los méritos del mismo. Ignoró y desatendió así lo dispuesto en la Regla 15(B)(3) del Reglamento del Tribunal, lo que de por sí constituye base suficiente para ordenar y disponer la desestimación de la apelación interpuesta en el caso de epígrafe.

Ahora bien, independientemente de lo antes indicado, evidente nos resulta que habiendo denegado el tribunal de instancia la moción de reconsideración el 13 de diciembre de 1994, según expuesto por los apelantes en el escrito de apelación, el recurso de epígrafe, el que fue presentado el 26 de enero de 1995, fue instado fuera del término jurisdiccional de treinta (30) días dispuesto por la Regla 53.1 de Procedimiento Civil. Siendo ello así carecemos de jurisdicción para considerar los méritos del mismo, por lo que resulta procedente decretar su desestimación. Como bien se ha resuelto, la falta de jurisdicción no puede ser subsanada ni el tribunal puede abrogársela, teniendo los tribunales el ineludible deber de examinar su propia jurisdicción, así como aquella del foro de donde procede el recurso. *Vázquez v. A.R. P.E.,* ___ D.P.R. ___ (1991), **91 J.T.S. 53**, pág. 8661.

### IV

Debemos por último señalar que el presente caso ejemplariza lo que constituye un recurso claramente improcedente, cuyo efecto no es otro que recargar innecesariamente la tarea de los tribunales en perjuicio de la eficiente administración de la justicia. Refleja también una intención clara de no proveer aquella información pertinente a la dilucidación del aspecto jurisdiccional para entender en la apelación interpuesta, ello con el propósito de inducir a error al tribunal para evitar el curso decisional obligatorio en el caso que nos ocupa, que no es otro que la desestimación del recurso por falta de jurisdicción. Tal práctica tiene que ser desalentada por este foro apelativo por lo que apercibimos a la representación legal del apelante que tal proceder en ocasiones futuras dará base a la imposición de sanciones conforme a lo dispuesto en la Regla 51 del Reglamento del Tribunal de Circuito de Apelaciones.

Por los fundamentos antes expuestos se desestima la apelación en el caso de epígrafe.

Lo acuerda el tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 1

1. Véase sentencia apelada sometida como anejo del escrito de apelación.

2. Véase Solicitud de Apelación, págs. 2 a 7.

3. Como Anejo respecto a este asunto sometió copia de esta sentencia.

4. De este extremo tomamos conocimiento judicial luego de examinar el expediente del caso de instancia, toda vez que los apelantes no acreditaron como era su obligación tal particular.

5. Véase Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III, Regla 47.