# 95 DTA 207

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL DE CAROLINA Y FAJARDO

THOMAS HUNG, ET AL.
Demandantes-Apelantes

v.

AUTORIDAD DE ACUEDUCTOS Y
ALCANTARILLADOS DE P.R. ET AL.
Demandado-Recurrente

Núm. KLAN-95-00610

San Juan, Puerto Rico, a 30 de junio de 1995

Panel integrado por su presidenta, Juez Rivera de Martínez,
y los Jueces Cabán Castro y Martínez Torres

Rivera de Martínez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Ante nuestra consideración tenemos un recurso de apelación mediante el cual se nos solicita que dejemos sin efecto la sentencia emitida el 10 de enero de 1995, por el Tribunal de Primera Instancia, Sala Superior de Carolina, y notificada a las partes el 20 de enero de 1995. No obstante, el 25 de enero de ese mismo año, dicho tribunal emitió una sentencia enmendada *"nunc pro tunc"*, la cual fue notificada el 31 de enero de 1995.

De otra parte, los demandantes-apelantes, el 31 de enero de 1995, presentaron una moción solicitando determinaciones de hechos adicionales. La misma fue presentada a las 9:14 p.m. en la Sala de Investigaciones del Centro Judicial de San Juan.██

El 25 de abril de 1995, el tribunal de instancia denegó dicha moción por haberse presentado fuera del término jurisdiccional de diez (10) días, establecido en la Regla 43.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III. Por ello, el término jurisdiccional de treinta (30) días para acudir en apelación ante este Foro, no fue interrumpido por la misma. La resolución fue notificada el 5 de mayo de 1995.

El 7 de junio de 1995, los demandantes-apelantes presentaron ante nuestra consideración un Escrito de Apelación solicitando la revocación de la sentencia notificada el 20 de enero de 1995. Acompañando dicho escrito sometieron una moción informativa en la que hicieron constar que presentaron dicho escrito **por correo certificado con acuse de recibo, el 15 de junio de 1995.**

Ante esta situación, los demandados-apelados presentaron, el 15 de junio de 1995, una moción de desestimación al amparo de la la Regla 31 del Reglamento del Tribunal de Circuito de Apelaciones.██ En resumen, alegan que este tribunal carece de jurisdicción para considerar el caso de epígrafe, por haber transcurrido el término jurisdiccional de treinta (30) días, según establecido por la Regla 53.1(a) de Procedimiento Civil, las Reglas 16(C) y 53(A) del Reglamento del Tribunal de Circuito de Apelaciones. De igual forma, señalan que los apelados no fueron notificados conforme a lo dispuesto en las Reglas 14(c)(1) y 47 de nuestro Reglamento.

Consideramos que los apelados tienen razón. Veamos.

### I

Es norma reiterada, que la falta de jurisdicción no puede ser subsanada ni el tribunal puede abrogársela, teniendo los tribunales el ineludible deber de examinar su propia jurisdicción, así como aquella del foro de donde procede el recurso. *Vázquez v. A.R.P.E.,* ___ D.P.R. ___

(1991), **91 JTS l 53,** pág. 8661.

Tampoco podemos perder de vista que bajo nuestro ordenamiento jurídico, en la práctica apelativa las partes vienen obligadas a cumplir fielmente el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos instados en el tribunal. *Matos v. Metropolitan Marble Corp.,* 104 D.P.R. 122, 125 (1975). Es totalmente impermisible, además, dejar al arbitrio de las partes qué disposiciones reglamentarias deben acatarse y cuáles no. *Cárdenas Maxán v. Rodríguez,* 119 D.P.R. 642, 659 (1987).

Así también por ser nuestro derecho uno de naturaleza rogada, la jurisdicción no se presume. La parte tiene que invocarla y acreditarla toda vez que previo a considerar los méritos de un recurso, el tribunal tiene que determinar si tiene facultad para entender en el mismo. *Soc. de Gananciales v. A.F.F.,* 108 D.P.R. 644, 645 (1979).

Desestimada como fue la moción de determinaciones de hechos adicionales, ésta nunca interrumpió el término jurisdiccional para apelar. Por lo tanto, los demandantes-apelantes dejaron transcurrir el término de treinta (30) días dispuesto en la Regla 53.1 de las de Procedimiento Civil, y en la Regla 16(C) del Reglamento del Tribunal de Circuito de Apelaciones. Siendo ello así, carecemos de jurisdicción para considerar los méritos de la misma.

El Tribunal Supremo ha actuado con rigurosidad para exigir el cumplimiento estricto con las leyes, reglas y reglamentos aplicables en materia de jurisdicción del tribunal. Véase *In re: Reglamento del Tribunal Supremo,* 116 D.P.R. 670 (1985).

El incumplimiento de las normas que requiere la práctica apelativa para el correcto trámite de los recursos puede ser tomado en consideración para la desestimación. *Cárdenas Maxán v. Rodríguez, supra: In re: Reglamento del Tribunal Supremo. supra; Maldonado v. Pichardo,* 104 D.P.R. 778 (1976); Regla 15 del Reglamento del Tribunal de Circuito de Apelaciones.

Ante el deficiente trámite procesal en el presente caso, se justifica plenamente que este Tribunal desestime el recurso instado.

Por los fundamentos antes expuestos, se desestima la apelación en el caso epígrafe.

Lo acordó el tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 207

1. Obviamente no fue la mejor práctica correcta la presentación, ya que las Reglas de Procedimiento Civil contemplan que las radicaciones se hagan en la Secretaría del Tribunal, a menos que un juez autorice otra cosa, lo cual no surge de los autos. Regla 67 de las de Procedimiento Civil. Sin embargo, no nos corresponde pasar juicio sobre esto.

Compárese ésto con la situación en este Tribunal, bajo la Regla 33 del Reglamento del Tribunal de Circuito de Apelaciones, que dispone:

*"cuando por mandato de la reglamentación aplicable un escrito deba ser presentado al Tribunal dentro de determinado período de tiempo, o en un día determinado, el plazo vencerá a las cinco de la tarde (5:00 p.m.) del día correspondiente. No se admitirá la presentación de escrito alguno después de esa hora".*

**2.** Dicha regla preceptúa en lo pertinente:

*"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:*

*(1) Que el Tribunal de Circuito de Apelaciones carece de jurisdicción.*

*(2) Que no ha sido perfeccionado de acuerdo con la ley.*

*........"*

*(C) El Tribunal de Circuito de Apelaciones podrá desestimar a iniciativa propia un recurso por cualesquiera de los motivos consignados en el inciso (B) precedente, sin perjuicio de lo dispuesto en la Regla 53."*