Negroni Cintrón, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
El 7 de julio de 1994 Julio Santiago Roselló e Irma Manrique Roselló instaron un recurso de apelación para que se revisara la Sentencia Enmendada Nunc Pro Tune que dictase el Tribunal de Distrito en el Caso Civil Núm. 92-6912 (506) el 2 de marzo de 1994, copia de cuya notificación fue archivada el 9 de marzo de 1994 y mediante la cual se condenó a los terceros demandados a pagar la suma de $15,000.00.
Después de mantener inactivo en sus archivos por espacio de un año el recurso en cuestión, el 24 de marzo de 1995 el Tribunal de Distrito ordenó que se elevaran los autos ante el Tribunal de Primera Instancia, Sala Superior de San Juan.
Tratándose de una sentencia dictada por el Tribunal de Distrito en un caso de naturaleza civil cuyo término de apelación comenzó a decursar con anterioridad al 24 de enero de 1995, fecha de la vigencia de la Ley de la Judicatura de Puerto Rico de 1994, la jurisdicción apelativa para considerar el recurso a esa fecha la tenía el Tribunal Superior. Regla 53.1(a) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III; Regla 4 de las de Apelación del Tribunal de Distrito al Tribunal Superior, 32 L.P.R.A. Ap. III-A.
Sin embargo, como la Sub-sección de Distrito le refirió los autos después de aprobada la Ley de la Judicatura de Puerto Rico de 1994, en cumplimiento de lo prescrito en el artículo 9.004, la Sala Superior de San Juan nos remitió el 1 de mayo de 1995 los autos originales del caso de marras, los cuales fueron recibidos por la Secretaría de este Tribunal el 4 de mayo del mismo mes y año.
Analizado el escrito presentado por los apelantes, procede que el mismo sea desestimado por las razones que a continuación exponemos.
I
La Regla 6 de las de Apelación del Tribunal de Distrito al Tribunal Superior 32, L.P.R.A. *1032 Ap. III-A, vigentes al momento en que se presentó el recurso de apelación disponía en lo pertinente lo siguiente:

(a)"Dentro del término de veinte (20) días siguientes a la presentación del escrito de apelación la parte apelante preparará una exposición narrativa de la prueba oral o una relación escrita de todo lo ocurrido en el caso, excepto cuando se autorizare una transcripción de la evidencia, según se dispone más adelante..."

Aunque la Regla 6, supra, no fija sanción alguna para penalizar al apelante que no somete a tiempo la Exposición Narrativa de la Prueba o la Relación del Caso que requiere, el incumplimiento con los requisitos establecidos en el reglamento de un tribunal apelativo, puede servir de fundamento para la desestimación de un recurso. Cárdenas Maxán v. Rodríguez, 119 D.P.R. 642 (1987). Igual proceder autoriza la Regla 53.1(e) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, regla supletoria a las Reglas de Apelación del Tribunal de Distrito al Tribunal Superior en este respecto, y que dispone en lo pertinente que "[si] el apelante... dejare de hacer cualquiera de las gestiones ulteriores para perfeccionar la apelación.... solamente será motivo para la concesión de aquellos remedios especificados en esta Regla 53; o cuando no se especificare remedio alguno, para aquella acción que el tribunal de apelación creyere apropiada, incluyendo la desestimación de la apelación...".
II
Al considerar el escrito de apelación presentado a la luz de las normas previamente expuestas, es obvio que el apelante ha abandonado su recurso al no continuar el trámite para su perfeccionamiento requerido por la Regla 6 de las de Apelación del Tribunal de Distrito al Tribunal Superior, supra.
Surge de los autos que el escrito de apelación fue presentado en el tribunal apelado el 7 de abril de 1994 y que en esa misma fecha los apelantes presentaron un escrito solicitando prórroga de 45 días para cumplir con la presentación de la exposición narrativa de la prueba, pero no cumplieron.
Desde la fecha de la solicitud de la prórroga hasta la fecha en que se emite este dictamen han transcurrido poco más de un año y seis (6) meses. Los casos no tienen vida eterna.
Incumplido con el trámite dispuesto en la Regla 6 de las de Apelaciones del Tribunal de Distrito al Tribunal Superior, supra, después de haber transcurrido el tiempo indicado, forzoso es concluir que el apelante ha abandonado los trámites para perfeccionar el recurso que presentó.
III
Por los fundamentos antes expuestos se desestima la apelación en el caso de epígrafe.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIO 96 DTA 267
1. Este artículo dispone lo siguiente:

"Todo recurso pendiente ante la consideración del Tribunal Superior, dentro de su jurisdicción apelativa, originado en el Tribunal de Distrito o en el Tribunal Municipal deberá resolverse dentro del término de seis (6) meses a partir de la aprobación de esta Ley; disponiéndose que una vez transcurrido dicho término los asuntos pendientes se referirán para su trámite y resolución al Tribunal de Circuito de Apelaciones."