# 96 DTA 124

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL VII, CAROLINA Y FAJARDO

JINNETTE MORALES DIAZ
Demandante-Peticionaria

v.

IVAN BAELLA Y OTROS
Demandados-Recurridos

Núm. KLCE-96-00481

San Juan, Puerto Rico, a 27 de septiembre de 1996

Panel integrado por su presidenta, la Juez Rivera de Martínez
y los Jueces Martínez Torres y Rodríguez García

Rodríguez García, Juez Ponente

### TEXTO COMPLETO DE LA SENTENCIA

Nos corresponde resolver la procedencia de un recurso de *certiorari* presentado por la peticionaria Jinnette Morales Díaz en el caso Civil Núm. FDP-95 0330, del Tribunal de Instancia, Sala Superior de Carolina, acción sobre hostigamiento sexual en el empleo, amparada en la Ley Núm. 17 del 22 de abril de 1988, 29 L.P.R.A. sec. 1555-1551.

Mediante el presente recurso se nos pide que revisemos dos disposiciones emitidas por el Tribunal de Primera Instancia, Sala Superior de Carolina, denominadas *"órdenes"*, las cuales en la petición de *certiorari* se alega fueron dictadas en 16 de abril de 1996 y notificadas en 19 de abril de 1996. ■

Este Tribunal en 13 de junio de 1996 emitió una Resolución y Orden concediendo veinte días al Estado Libre Asociado de Puerto Rico, al Administrador Hípico Interino y a los miembros de la Junta Hípica, para que se expresaran respecto al recurso de *certiorari* bajo nuestra consideración.

En 23 de julio de 1996 compareció ante este Tribunal el Estado Libre Asociado de Puerto Rico por conducto de la Oficina del Procurador General, con su Moción en Cumplimiento de Orden y en 2 de agosto de 1996 comparecieron el Ing. Luis M. García Passalacqua y el Lcdo. Antonio García Soto,

miembros de la Junta Hípica y el Sr. Erasmo Rodríguez Guzmán, Administrador Hípico Interino, con una Moción en Oposición. ■

Con el beneficio de la comparecencia de todas las partes interesadas, nos encontramos en condiciones de resolver el recurso y procedemos a así hacerlo sin dilación.

Debemos determinar la responsabilidad, si alguna, que pueda tener el Estado Libre Asociado de Puerto Rico, la Junta Hípica, el Administrador Hípico Interino, y los miembros de la Junta Hípica en su carácter personal, por un alegado episodio de hostigamiento sexual, cometido por una persona que es empleada o contratista de la empresa que opera el Hipódromo El Comandante, ausente totalmente alguna relación de patrono y empleado entre el actor o causante del hecho, y las partes recurridas. Resolvemos que no.

**I**

En su solicitud de *certiorari* la demandante en el caso de epígrafe y aquí peticionaria, Jinnette Morales Díaz, alega que trabajó desde el mes de enero de 1994, hasta el 22 de junio de 1994, como técnica de laboratorio y asistente de fotografía, bajo la supervisión del co-demandado Iván Baella en el Hipódromo El Comandante.

Jinnette Morales Díaz alega que en o alrededor del 6 de junio de 1994, Iván Baella intentó sostener relaciones sexuales con ella y que al ella negarse, Baella comenzó a incurrir en conducta que creó un ambiente de trabajo hostil, ofensivo e intimidante.

En 22 de junio de 1994, Baella despidió de su empleo a Morales Díaz y ésta alega que dicho despido fue injustificado. La demandante y peticionaria Morales Díaz en 20 de junio de 1995 presentó una acción civil sobre hostigamiento sexual al amparo de la Ley Núm. 17 del 22 de abril de 1988. En dicha demanda se alega que tanto la conducta asumida por Baella como el acto del despido constituyeron hostigamiento sexual en el empleo.

Morales Díaz demandó a Iván Baella, su esposa Fulana de Tal y la Sociedad Legal de Gananciales por ellos compuesta; El Comandante Operating Co.; la Administración de la Industria y el Deporte Hípico; Erasmo Rodríguez Guzmán, Administrador Interino; Luis M. García Passalacqua, Guillermo Bobonis Díaz y Antonio García Soto, Miembros de la Junta Hípica; Aseguradoras X,Y y Z, y finalmente al Estado Libre Asociado.

La demandante y peticionaria de este recurso, Morales Díaz, comparece ante este Tribunal solicitando la revisión de dos órdenes dictadas por el Tribunal de Instancia, Sala Superior de Carolina.

La primera de las órdenes dispone:

*"1.- CONTESTACION A DEMANDA - SE ACEPTA*

*2.- MOCION DE DESESTIMACION - A LA MOCION DE DESESTIMACION DEL PLEITO CONTRA LOS CO-DEMANDADOS ING. LUIS M. PASSALAQUA, LCDO. ANTONIO I. GARCIA SOTO, LCDO. GUILLERMO BOBONIS DIAS (SIC) Y EL SR. ERASMO RODRIGUEZ GUZMAN EN CALIDAD DE ADMINISTRADOR HIPICO INTERINO; HA LUGAR. ■*

*FDO. ISMAEL ALMODOVAR*
*JUEZ."*

La segunda orden recurrida:

*"1. MOCION SOLICITANDO DESESTIMACION:*

*1. - A LA MOCION DE DESESTIMACION PRESENTADA POR EL CODEMANDADO ELA HA LUGAR.*

*2. - MOCION DE RECONSIDERACION: A LA MOCION DE RECONSIDERACION DE LA*

*FDO. ISMAEL ALMODOVAR*
*JUEZ"*

Vamos a concretizar el perfil de cada una de las partes en este caso, para facilitar la resolución del recurso de *certiorari* que consideramos.

**Primero**, el Estado Libre Asociado, en adelante el *"E.L.A.",* tiene las facultades que le confiere la Constitución, la Ley de la Industria y el Deporte Hípico de Puerto Rico, Ley Núm. 83 de 2 de julio de 1987, 15 L.P.R.A. seccs.198a a 198s. y cualesquiera reglamentos adoptados bajo dicha ley, para reglamentar el deporte hípico en Puerto Rico.

**Segundo**, la Junta Hípica, en adelante *"la Junta",* es un ente creado por la Ley Núm. 83, para reglamentar todo lo concerniente al deporte hípico en Puerto Rico. 15 L.P.R.A. sec. 198e.

**Tercero**, los Miembros de la Junta Hípica, en adelante *"Miembros",* son tres personas nombradas por el Gobernador con el consejo y consentimiento del Senado. 15 L.P.R.A. sec. 198c.

**Cuarto**, el Administrador Hípico, en adelante *"el Administrador",* funcionario ejecutivo y director administrativo de toda la actividad hípica en Puerto Rico. 15 L.P.R.A. sec. 198k.

**Quinto**, El Comandante Operating Co., en adelante *"El Comandante",* es una empresa privada que opera facilidades donde se celebran carreras de caballos de conformidad con la referida Ley Núm. 83, mediante autorización expresa de la Junta Hípica.

**Sexto**, el co-demandado, y supuesto productor de la actividad que genera la acción de Jinnette Morales, Iván Baella, se desempeña como empleado o como contratista independiente dentro de las facilidades de *"El Comandante".* Escudriñar la naturaleza de la relación entre *"El Comandante"* y Baella es totalmente irrelevante para la solución del caso ante nuestra consideración, pues no existe en la actualidad controversia alguna ante nos sobre esa relación.

No es necesario auscultar mucho la ley que prohibe el hostigamiento sexual en el empleo, *supra,* dado que la solución a la controversia nos la dan las definiciones que contiene la propia Ley Núm. 17, sobre hostigamiento sexual en el empleo.

En 29 L.P.R.A. sec. 155a se definen los siguientes términos:

*(1) **"Empleado"** significa **toda persona que trabaja para un patrono** y que reciba compensación por ello o todo aspirante a empleo. Para efecto[s] de la protección que se confiere mediante las secs. 155 a 155l de este título, el término empleado se interpretará en la forma más amplia posible."*

*(2) **"Patrono"** significa **toda persona natural o jurídica de cualquier índole,** el Gobierno del Estado Libre Asociado de Puerto Rico, incluyendo cada una de sus tres Ramas y sus instrumentalidades o corporaciones públicas, los gobiernos municipales y cualquiera de sus instrumentalidades o corporaciones municipales, **que con ánimo de lucro o sin él, emplee personas mediante cualquier clase de compensación y sus agentes y supervisores.** Incluye, ademas, las organizaciones obreras y otras organizaciones, grupos o asociaciones en las cuales participan empleados con el propósito de gestionar con los patronos sobre los términos y condiciones de empleo, así como las agencias de empleo.*

*(3) **"Persona"** significa persona natural o jurídica.*

*(4) **"Supervisor"** significa toda persona que ejerce algún control o cuya recomendación sea considerada para la contratación, clasificación, despido, ascenso, traslado, fijación de compensación o sobre el horario, lugar o condiciones de trabajo o sobre tareas o funciones que desempeña o pueda desempeñar un empleado o grupo de empleados o sobre cualesquiera otros términos o condiciones de empleo, o cualquier persona que día a día lleve a cabo tareas de supervisión."* (Enfasis nuestro).

Como podemos deducir de las definiciones antes transcritas, ni la *"Junta Hípica"*, ni sus *"Miembros"* en su carácter personal, ni el *"Administrador Hípico"* y mucho menos el *"Estado Libre Asociado"*, ostentan relación de *"patronos"*, ni *"supervisores"*, del co-demandado Ivan Baella, y mucho menos compañeros de empleo de la reclamante. A base de las alegaciones y los documentos sometidos a nuestra consideración mediante la solicitud de *certiorari*, no encontramos ni un hilo que sirva de nexo circunstancial de responsabilidad, que ate la causa de acción de la demandante y peticionaria Morales Díaz con las personas naturales y jurídicas antes descritas. No amerita mayor discusión el asunto, pues como resolviera el foro de instancia procedía la desestimación contra estos demandados, por lo que en ese aspecto no incidió en error el tribunal de instancia.

## II

Sí incidió el tribunal de instancia en la forma en que dispuso de las mociones de desestimación, y ello debe corregirse. Nos referimos a que dado el que sus órdenes disponían definitivamente del caso, lo correcto era titularlas **sentencias**. *Cárdenas Maxán v. Rodríguez,* 119 D.P.R. 642, 651 (1987). Además debió incluir en las sentencias unas determinaciones de hecho y conclusiones de derecho, de conformidad con la Regla 43.2 de las de Procedimiento Civil. 32 L.P.R.A. Ap. III, R. 43.2. En adición, siendo el presente un pleito que incluye varias partes, para que dichas sentencias se conviertan en finales y firmes tiene el tribunal de instancia que expresar en la sentencia el lenguaje ritual de que *"no existe razón para posponer dictar sentencia"* y ordenar el registro de la misma. Regla 43.5 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 43.5, Parf.. 1ro.; *Asociación de Propietarios v. Santa Bárbara Co.,* 112 D.P.R. 33, 40 (1982).

Por los fundamentos antes expresados, se expide el auto de *certiorari* solicitado, se confirman las determinaciones del tribunal recurrido denominadas *"órdenes"*, y se devuelve el caso a instancia para que se dicten las correspondientes sentencias conforme a lo aquí intimado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

NOTIFIQUESE.

Aida Ileana Oquendo Graulau
Secretaria General.

### ESCOLIOS 96 DTA 124

**1.** En otras palabras, la peticionaria alega que ambas órdenes fueron dictadas y notificadas en la misma fecha. A pesar de que del expediente del caso surge que las dos fueron dictadas en fechas distintas, vamos a conceder el beneficio de la duda a favor de la parte peticionaria, aceptando como cierto que ambas notificaciones fueron hechas en la misma fecha. En adición vamos a aplicarle a la notificación hecha por correo de dichas *"órdenes"*, los tres días adicionales a tenor con la Regla 68.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 68.3.

**2.** De esta Moción en Oposición, podemos inferir que el Lcdo. Guillermo Bobonis Díaz falleció, puesto que al lado de su nombre escribieron: (Q.E.P.D.). No obstante, es menester disponer de la causa de acción en su contra, la cual de prevalecer, afectaría su sucesión.

**3.** Las dos órdenes se han transcrito literalmente ya que éstas serán objeto de discusión *infra*.

**4.** *"Cuando un pleito comprenda más de una reclamación, ya sea mediante demanda, reconvención, demanda contra coparte o demanda contra tercero o figuren en el partes múltiples, el tribunal podrá dictar sentencia final en cuanto a una o más de las reclamaciones o partes sin disponer de la totalidad del pleito, siempre que concluya expresamente que no existe razón para posponer dictar sentencia sobre tales reclamaciones hasta la resolución final del pleito, y siempre que ordene expresamente que se registre sentencia."* Regla 43.5 de Procedimiento Civil, primer párrafo.