# 99 DTA 144

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL VII DE CAROLINA Y FAJARDO

MIGUEL A. MORALES, LETICIA PEREZ Y LA SOCIEDAD
LEGAL DE GANACIALES COMPUESTA POR AMBOS
Apelantes

v.

AIDA M. RODRIGUEZ, MAYRA MENENDEZ, LEDERLE PIPERACILLIN, INC.
Apelados

Núm. KLAN-97-00915

San Juan, Puerto Rico, a 7 de mayo de 1999

Panel integrado por su Presidente, Juez Guillermo Arbona Lago
y los Jueces Andrés Salas Soler y Antonio J. Negroni Cintrón

## TEXTO COMPLETO DE LA RESOLUCION

Comparece ante nos Miguel A. Morales y otros solicitando la revocación de la sentencia desestimatoria que a solicitud de Lederle Piperacillin, Inc. *("Lederle")* emitió el Tribunal de Primera Instancia, Sala Superior de Carolina, al resolver que carecía de jurisdicción sobre la materia de que trataba la causa.

La parte apelada presentó su alegato, por lo que estamos en condiciones de dictamen.

Por los fundamentos que más adelante exponemos procede desestimar el recurso instado.

## I

El apelante se desempeñó como técnico de laboratorio de Lederle durante 17 años, en cuyo tiempo nunca fue objeto de acción disciplinaria ni amonestación alguna. El 10 de mayo de 1991 el apelante y otros empleados suscribieron un memorando dirigido a la Gerente de Personal de Lederle, la Sra. Aida Rodríguez. En dicha comunicación le comunicaban sus impresiones luego de una reunión sostenida por éstos y la Srta. Mayra Méndez, supervisora del laboratorio. Según las aseveraciones de la demanda, a raíz de esta comunicación comenzó una actitud hostil de parte de dicha supervisora hacia esos empleados, situación que culminó con el despido del apelante porque alegadamente no había hecho unos análisis correctamente.

Como consecuencia de lo anterior, el 15 de agosto de 1991 los apelantes instaron demanda ante el tribunal de instancia contra Lederle, la Sra. Rodríguez y la Sra. Méndez. Solicitaron compensación por los daños y perjuicios ocasionados por el trato culposo y negligente de los apelados debido a la persecución y el trato abusivo de que fue objeto el Sr. Morales previo a y coetáneamente con su despido. Lederle contestó la demanda aduciendo, entre otras cosas, que el despido fue justificado, que los apelantes no tenían causa de acción alguna al amparo del Artículo 1802 del Código Civil, 31 L.P.R.A. sec. 5141, pero que de tener alguno, su único remedio era el provisto por la Ley Núm. 80 del 30 de mayo de 1976, 29 L.P.R.A. sec. 185, *et seq.*

Ello, no obstante, y luego de cuatro (4) años de trámites procesales, Lederle presentó una Moción de Sentencia Sumaria alegando falta de jurisdicción del tribunal *a quo* sobre la materia para entender en la controversia. El apelante se opuso a lo solicitado.

Sometido el asunto, el Tribunal de Instancia accedió a ello concluyendo que la causa de acción era de la jurisdicción exclusiva de la Junta Nacional de Relaciones del Trabajo, por tratarse de una reclamación por alegados daños y perjuicios causados por las prácticas ilícitas del patrono.

Inconforme, el apelante señala que: *"[e]rró el Tribunal de Primera Instancia al determinar que carecía de jurisdicción para atender una demanda por daños y perjuicios como consecuencia de hechos previos al despido del demandante quien no demanda por haber sido despedido. En el apéndice del recurso, los apelantes únicamente incluyeron la Sentencia apelada, el Informe de Conferencia con Antelación al Juicio, la Demanda y la Contestación a la demanda."*

Ello así, Lederle compareció en autos solicitando la desestimación del recurso por entender que el apelante no había perfeccionado el recurso de acuerdo al Reglamento de este foro. Posteriormente presentó su alegato.

Luego de considerar y estudiar cuidadosamente el recurso presentado y el derecho aplicable, procede desestimar el mismo por craso incumplimiento con nuestro Reglamento.

## II

La Regla 16 (E) del Reglamento de este Foro, 4 L.P.R.A. Ap. XXII-A, dispone, en lo pertinente, que el escrito de apelación en casos civiles deberá incluir en el apéndice lo siguiente:

*"...*

*(a) Las alegaciones de las partes, a saber, la demanda principal, las demandas de coparte o de tercero y la reconvención, y sus respectivas contestaciones;*

*(b) la sentencia del Tribunal de Primera Instancia cuya revisión se solicita y la notificación del archivo en autos de copia de la misma;*

*(c) toda moción debidamente timbrada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el escrito de apelación y la notificación del archivo en autos de copia de la resolución u orden;*

*(d) toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en las cuales se discuta expresamente cualquier asunto planteado en el escrito de apelación, o que sean relevantes a éste;*

*(e) cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda serle útil al Tribunal de Circuito de Apelaciones para resolver la controversia.*

*(2) El apéndice sólo contendrá copias de documentos que formen parte del expediente original del Tribunal de Primera Instancia.*

*Cuando la parte apelante interese que se considere en apelación cualquier prueba admitida que no sea de fácil reproducción, solicitará su elevación mediante una moción que deberá presentar con su escrito inicial. Cuando la parte apelante plantee como error la exclusión indebida de alguna prueba, incluirá en un apéndice separado copia de la prueba ofrecida y no admitida.*

*(3) Todas las páginas del apéndice se numerarán consecutivamente. Los documentos se organizarán en orden cronológico. Además, el apéndice contendrá un índice que indicará la página en que aparece cada*

*documento.* " (Énfasis Nuestro)

El legajo en el recurso de apelación a este Foro consiste de los apéndices a los alegatos de las partes, de conformidad con lo dispuesto en la Regla 54.4 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, a los que se unirá la exposición de la prueba oral cuando proceda, según la Regla 54.2 del mismo cuerpo legal.

Como se sabe, las disposiciones reglamentarias sobre los recursos a presentarse ante los tribunales apelativos deben observarse rigurosamente. *Cárdenas Maxán v. Rodríguez,* 119 D.P.R. 642, 659 (1987*); In re: Reglamento del Tribunal Supremo,* 116 D.P.R. 670, 672 (1985); *Matos v. Metropolitan Marble Corp.,* 104 D.P.R. 122, 126 (1975). Dicha norma ha sido extendida al cumplimiento de las disposiciones reglamentarias de este Foro relacionadas con el perfeccionamiento de los recursos y constituye base suficiente para desestimar un recurso, *Arriaga Rivera v. F.S.E.,* Op. de 18 de marzo 1998, **98 J.T.S. 28**, tal y como lo autoriza la Regla 83 del Reglamento de este Tribunal adoptado por el Tribunal Supremo de Puerto Rico. Véase *Cárdenas Maxán v. Rodríguez, supra.*

No nos corresponde ni es parte de nuestra función revisora, identificar las fallas u omisiones en los recursos que se presentan ante este Tribunal y requerirle a la parte responsable que los corrija. Los requisitos de nuestro Reglamento para el perfeccionamiento de los recursos fueron adoptados por el Tribunal Supremo de Puerto Rico para ser cumplidos y no requieren que este Tribunal le exija a las partes sus obligaciones reglamentarias. De otro lado, no es justo e imparcial para una parte cumplidora del trámite apelativo que este Tribunal dedique tiempo y esfuerzo para llamarle a una parte la atención si incumpliere esa obligación, pues ello produce la errónea impresión de que se favorece o asiste a la parte incumplidora.

## III
En la causa ante nos, el apelante no acompañó con su recurso copia de la moción de sentencia sumaria presentada por Lederle, ni su oposición a la misma. Esto nos impide conocer cabalmente si los planteamientos formulados por las partes en sus alegatos ante nos son los mismos asuntos que fueron discutidos y adjudicados por el foro apelado. Tampoco sometió copia del memorando o carta dirigida por el coapelante Morales y otros empleados a la Sra. Rodríguez que, según la alegación y el recurso ante nos, es la génesis de la conducta que finalmente provocó los daños por los que los apelantes reclaman compensación. El contenido de la carta fue determinante para que el tribunal de instancia resolviera como lo hizo.

Ello así, los apelantes no nos han colocado en la posición de conocer responsablemente porqué Lederle y el Tribunal de Instancia estimaron que la carta y su texto constituían una actividad concertada protegida por la Ley de Relaciones del Trabajo de Puerto Rico, Ley Núm. 130 del 8 de mayo de 1945, 29 L.P.R.A. sec. 65 *et seq*; porqué la alegada interferencia de Lederle con esa actividad concertada configuró una práctica ilícita prohibida y porqué la litigación de los posibles méritos de la reclamación de compensación por los daños que alegadamente sufrieron los apelantes como consecuencia de esa interferencia era de la exclusiva jurisdicción de la Junta de Relaciones del Trabajo y no del Tribunal de Instancia.

Consideradas las cuestiones jurídicas suscitadas por la apelación, las omisiones antes reseñadas constituyen una crasa violación de nuestro Reglamento que impide que podamos adjudicar los méritos del recurso y que justifican su desestimación.

## IV
Por todo lo antes expuesto, se desestima el recurso de apelación.

Lo acuerda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General