Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrida<br><br>v.<br><br>IVELISSE FERNÁNDEZ RUIZ<br><br>Peticionaria | KLCE202500299 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.:<br>K BD2008G0415<br><br>Sobre:<br>Art. 192<br>Apropiación Ilegal |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de marzo de 2025.

Comparece Ivelisse Fernández Ruiz (en adelante, peticionaria) mediante un recurso *de certiorari,*[1] para solicitarnos la revisión de la *Orden*, emitida el 12 de marzo de 2025 y notificada el 17 del mismo mes y año, por el Tribunal de Primera Instancia Sala Superior de San Juan.[2] Mediante la *Orden* recurrida, el foro primario declaró *No Ha Lugar* una *Moción por Derecho Propio* presentada por la aquí peticionaria, mediante la cual solicitó que se le hiciera entrega de las fotos y huellas digitales tomadas sobre su persona en el Caso Criminal Número K BD2008G0415.

Surge de los autos ante nuestra consideración que, el 30 de junio de 2008, la peticionaria resultó convicta de cometer el delito de apropiación ilegal, codificado en el Artículo 192 del derogado Código Penal del Estado Libre Asociado de Puerto Rico de 2004. A esos efectos, fue condenada a una pena de multa de $50.00 dólares.

---

[1] El referido recurso fue intitulado *Moción por Derecho Propio*.
[2] 33 LPRA sec. 4820 (ed. 2010).

Número Identificador

SEN2025_____

Así las cosas, el 27 de febrero de 2025, la peticionaria presentó ante el tribunal de primera instancia una *Moción de Derecho Propio* en la cual peticionó la devolución de las fotos y huellas digitales tomadas sobre su persona, en el caso criminal antes señalado. En el escrito, manifestó que se le había dificultado conseguir empleo en su área de trabajo, puesto a que necesita una licencia provista por el Estado, pero, al hacer la identificación de sus huellas, se le denegó la misma, a consecuencia de referido caso penal.

Evaluada la moción, el 12 de marzo de 2025, notificada el 17 del mismo mes y año, el tribunal de instancia emitió la *Orden* que nos ocupa, mediante la cual declaró *No Ha Lugar* la solicitud de la peticionaria.

Inconforme, el 25 de marzo de 2025, la peticionaria acudió ante nos mediante el presente recurso de *certiorari*, el cual intituló *Moción por Derecho Propio*. En el mismo, nos solicita que ordenemos al foro primario a devolver las correspondientes fotos y huellas digitales.

Sabido es, como Tribunal revisor, nos corresponde auscultar nuestra propia jurisdicción como paso previo a entender en los méritos de un recurso apelativo. Ello, puesto a que las cuestiones relacionadas a la jurisdicción deben ser resueltas con preferencia, ya que a inciden directamente sobre el poder que tiene un tribunal para adjudicar las controversias.[3] Por consiguiente, cuando este Tribunal carece de jurisdicción, lo apropiado es que desestimemos la reclamación, sin entrar en sus méritos.[4] Luego de haber examinado los autos ante nuestra consideración, colegimos que en este caso no tenemos jurisdicción a consecuencia del craso

---

[3] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018).
[4] 4 LPRA Ap. XXII-B, R. 83.

incumplimiento de la peticionaria con el Reglamento del Tribunal de Apelaciones.

Es norma conocida por toda la profesión legal en Puerto Rico que el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial.[5] Por consiguiente, "las partes o el foro apelativo no pueden soslayar injustificadamente el cumplimiento del reglamento del tribunal de apelaciones".[6] En ese sentido, las normas que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente.[7] De lo contrario, el incumplimiento con la referidas normas, impedirá que el recurso presentado se perfeccione adecuadamente, privando de jurisdicción al foro apelativo.[8]

En este caso, en su escueto escrito apelativo, la peticionaria no acreditó haber notificado el presente recurso al tribunal recurrido, ni a las partes, conforme requiere la Regla 33 del Reglamento del Tribunal de Apelaciones.[9] La aludida regla dispone en su inciso (A) que "la parte peticionaria deberá notificar con copia de la cubierta o de la primera página del recurso, debidamente sellada con la fecha y la hora de su presentación, a la Secretaría del tribunal recurrido dentro de las setenta y dos horas siguientes a la presentación de la solicitud".[10] Por su parte, el inciso (B) de la Regla, establece que la parte peticionaria, igualmente:

> notificará la solicitud de *certiorari*, debidamente sellada con la fecha y la hora de presentación, a los abogados o abogadas de récord, o en su defecto, a las partes, así como al Procurador General o Procuradora General, y al Fiscal de Distrito o a la Fiscal de Distrito en los casos criminales, dentro del término dispuesto para la presentación del recurso.[11]

---

[5] *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013); *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 659 (1987).

[6] *Morán v. Marti,* 165 DPR 356, 364 (2005). (Cita depurada).

[7] *UGT v. Centro Médico del Turabo, Inc.*, 208 DPR 944, 957 (2022); *Isleta v. Inversiones Isleta Marina, Inc.*, 203 DPR 585, 590 (2019); *Rojas v. Axtmayer Ent., Inc.* 150 DPR 560, 564 (2000).

[8] *Morán v. Marti,* supra, a la pág. 366.

[9] Regla 33 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 33.

[10] *Íd.,* R. 33 (A).

[11] *Íd.,* R. 33 (B).

Por otra parte, la peticionaria incumplió con presentar una solicitud de *certiorari* según exige la Regla 34 del referido reglamento.[12] La aludida Regla dispone que el escrito de *certiorari* contendrá:

(A) Cubierta

La primera hoja del recurso constituirá la cubierta, que indicará en su encabezamiento "Estado Libre Asociado de Puerto Rico", "Tribunal de Apelaciones" y la Región Judicial de donde procede el recurso, y contendrá solamente lo siguiente:

(1) Epígrafe

El epígrafe del escrito de *certiorari* contendrá el nombre de todas las partes en el orden en que aparecían en el Tribunal de Primera Instancia y se les identificará como "parte peticionaria" y "parte recurrida".

(2) Información sobre abogados o abogadas y partes

Se incluirá el nombre, la dirección postal, el teléfono, el número de fax, la dirección del correo electrónico, y el número del Tribunal Supremo del abogado o abogada de la parte peticionaria y del abogado o abogada de la parte recurrida, o el nombre, la dirección
postal, la dirección de correo electrónico, si la tuvieran, y el teléfono de las partes si éstas no estuvieren representadas por abogado o abogada, con indicación de que comparecen por derecho propio.

(3) Información del caso

Deberá, además, incluirse en la cubierta el número que se le asignen el Tribunal de Apelaciones, la Sala que resolvió la controversia objeto de revisión, el número ante dicha Sala, y la naturaleza, la materia y el asunto.

(B) Índice

Inmediatamente después, habrá un índice detallado de la solicitud y de las autoridades citadas conforme a lo dispuesto en la Regla 75 de este Reglamento.

(C) Cuerpo

(1) Toda solicitud de *certiorari* contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:

(a) En la comparecencia, el nombre de las partes peticionarias.

(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.

---

[12] Regla 34 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 34.

(c) Una referencia a la decisión cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Región Judicial correspondiente y la Sala del Tribunal de Primera Instancia que la dictó, la fecha en que lo hizo y la fecha en que fue notificada; también, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de *certiorari*; además, se especificará cualquier otro recurso sobre el mismo caso que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.

(d) Una relación fiel y concisa de los hechos procesales y materiales del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable.

(g) La súplica.

(2) No se permitirá la presentación de un memorando de autoridades por separado. La argumentación y los fundamentos de derecho deberán incluirse en el cuerpo de la solicitud de *certiorari*.

(3) En caso de que en la solicitud de *certiorari* se plantee alguna cuestión relacionada con errores en la apreciación de la prueba o con la suficiencia de ésta, la parte peticionaria procederá conforme se dispone en la Regla 76.1, una vez se expida el auto o antes si así lo ordenara el Tribunal.

De tratarse de una solicitud de *certiorari* para revisar sentencias en casos de convicción por alegación de culpabilidad bajo la Regla 32(A) del Reglamento, la parte peticionaria procederá conforme se dispone en la Regla 29.

(D) Número de páginas La solicitud de *certiorari* no excederá de veinticinco páginas, exclusive de la certificación de notificación, del índice y del Apéndice, salvo que el tribunal autorice un número mayor de páginas conforme a lo dispuesto en la Regla 70(D) del Reglamento.

(E) Apéndice

(1) Salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, la solicitud incluirá un Apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes, a saber:

(i) en casos civiles, la demanda principal, la de coparte o de tercero y reconvención, con sus respectivas contestaciones;

(ii) en casos criminales, la denuncia y la acusación, si la hubiere.

(b) La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada,

si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.

(c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de *certiorari*, y la notificación del archivo en autos de una copia de la resolución u orden.

(d) Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de *certiorari,* o que sean relevantes a ésta.

(e) Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.

(2) El Tribunal de Apelaciones podrá permitir, a petición de la parte peticionaria en la solicitud de *certiorari*, en moción o motu proprio a la parte peticionaria, la presentación de los documentos del Apéndice a que se refiere esta regla con posterioridad a la fecha de la presentación del escrito de *certiorari*, dentro de un término de quince días contado a partir de la fecha de notificación de la resolución del tribunal que autoriza la presentación de los documentos.[13]

Un examen del marco legal aplicable al tipo de recurso apelativo presentado *vis a vis*, los autos ante nuestra consideración revelan sin ambages el claro incumplimiento.

Establecido lo anterior, amerita subrayar que, en nuestro ordenamiento jurídico, la persona que acude por derecho propio está sujeta a que se le impongan las mismas sanciones y consecuencias procesales que a los abogados.[14] Además, los tribunales no estamos obligados a ilustrar de las leyes y reglas a las personas que acuden sin representación legal.[15] A esos efectos, el hecho de que la peticionaria acudió ante esta Curia por derecho propio, no excusa su incumplimiento con el Reglamento de este foro apelativo.

Por otro lado, acentuamos que, de una lectura de los autos ante nuestra consideración, se desprende que la solicitud presentada por la peticionaria se instó en un caso inactivo. En nuestro ordenamiento jurídico el procedimiento para la eliminación

---

[13] Regla 34 del Reglamento del Tribunal de Apelaciones, *supra.*
[14] Véase Regla 9.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 9.4.
[15] *Íd.*

de antecedentes penales debe llevarse a cabo en un pleito independiente. No obstante, lo anterior, nuestro dictamen no es impedimento, para que, de la peticionaria requerirlo, presente una solicitud de eliminación de antecedentes penales según corresponde.

Por los fundamentos que anteceden, se *desestima* el presente recurso por falta de jurisdicción por incumplir con el Reglamento del Tribunal de Apelaciones.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones