ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| LIZ A. COLÓN MERCADO<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE LA FAMILIA<br><br>Recurrido | TA2025RA00247 | *Revisión Judicial* procedente de la Junta Adjudicativa del Departamento de la Familia<br><br>Caso Núm.:<br>2025 TANF 00080<br><br>Sobre: Cierre |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de septiembre de 2025.

**I.**

Comparece *in forma pauperis* y por derecho propio la Sra. Liz A. Colón Mercado (señora Colón Mercado o Recurrente) mediante un recurso de revisión judicial. Junto a su escrito, la Recurrente unió una *Solicitud y declaración para que se exima de pago de arancel por razón de indigencia*, la cual examinamos y damos por aprobada.

En lo que nos concierne, surge del expediente que, el 28 de enero de 2025, la doctora generalista Marisol Martínez Medina cumplimentó el formulario ADSEF-TANF-34, en el cual consignó los diagnósticos y medicamentos de la Recurrente. En general, la galena aseguró que las condiciones de salud que padece la señora Colón Mercado son permanentes y limitan totalmente sus tareas habituales, ya que no puede realizar "[n]ingún esfuerzo físico y/o mental".[1] El 6 de febrero de 2025, la Oficina Local de Ponce del Departamento de la Familia recibió el documento, con el propósito que la Junta Médico Social evaluara, en revisión, la solicitud de beneficios al amparo de la Asistencia Temporal para Familias Necesitadas (TANF, por sus siglas en inglés).

---

[1] Véase, *Apéndice* pág. 1.

Según los dichos de la señora Colón Mercado en su escrito, la Junta Médico Social informó su denegación por correo electrónico. Por idéntica vía, el 14 de mayo de 2025,[2] la Recurrente apeló la acción tomada ante la Junta Adjudicativa. La señora Colón Mercado dijo que al apelar hizo saber al organismo adjudicador que, a pesar de utilizar el correo electrónico, no contaba con servicio de internet por lo que solicitó que se utilizara el correo regular.

Así las cosas, para acreditar su jurisdicción, el 23 de mayo de 2023, la Junta Adjudicativa envió mediante un correo electrónico <u>erróneo</u> a la Recurrente un *Requerimiento de Información.*[3] En específico, solicitó la copia del sobre en el cual le enviaron la notificación que pretendía apelar, con el matasellos del correo, o copia del correo electrónico de la Junta Médico Social. Luego de la obvia falta de respuesta por parte de la señora Colón Mercado, el 7 de julio de 2024, notificada por correo certificado el día 24 del mismo mes y año, la Junta Adjudicativa emitió una *Resolución.*[4] En ésta, desestimó con perjuicio el recurso apelativo por falta de cooperación.

Ahora bien, se desprende del escrito instado ante este foro intermedio que, luego de realizar unas gestiones telefónicas ante la Junta Adjudicativa, la señora Colón Mercado admitió que sí recibió el *Requerimiento de Información* por correo regular.[5] Incluso, la secretaria de la Junta Adjudicativa la instruyó "que mandara lo del sello de la carta o [e]mail de la [J]unta [Médico Social]". Entonces, el 20 de julio de 2020, desde la Farmacia Deborah 3, la Recurrente envió por correo electrónico a la Junta Adjudicativa una captura de pantalla de lo que se infiere era el correo electrónico que la Junta Médico Social le remitió.[6] Advertimos

---

[2] La fecha surge de la *Resolución* de la Junta Adjudicativa, toda vez que en el expediente no consta el escrito de apelación.

[3] Véase, *Apéndice* págs. 7-8.

[4] Véase, *Apéndice* págs. 2-5.

[5] Véase el Recurso a la pág. 2.

[6] Véase, *Apéndice* pág. 9. Para este tribunal revisor, la captura de pantalla resulta ilegible. Tampoco la Recurrente incluyó en el expediente copia de la misma.

que, en el expediente ante nos, **no consta una copia legible de la captura de pantalla ni del correo electrónico denegatorio de la Junta Médico Social con su fecha de envío**. Consiguientemente, la Junta Adjudicativa acogió la comunicación como una *Solicitud de Reconsideración*. Luego de evaluarla, el 8 de agosto de 2025, notificada el día 22 siguiente, el organismo administrativo dictó la *Resolución en Reconsideración* aquí recurrida,[7] y declaró no ha lugar la petición de revisar.

Huelga mencionar que el Reglamento Núm. 9491 de 24 de agosto de 2023, *Reglamento para establecer los procedimientos de adjudicación de controversias ante la Junta Adjudicativa del Departamento de la Familia*, establece en el Artículo 12 (A), *Términos para radicar apelaciones*, lo siguiente:

> Acciones tomadas - En los casos de acciones tomadas, la Apelación **tiene que radicarse dentro del término de quince (15) días calendario contados a partir del envío de la notificación**, cuando se envié por correo regular, correo electrónico o, cuando se envíe por correo con acuse de recibo, o se entregue personalmente. En los casos en que el envío sea por correo regular, se tomará la fecha del matasello para comenzar a contar el término de quince (15) días. En aquellos cuyo envío se haga por correo con acuse de recibo, el término comenzará a contarse desde la fecha en que se deposite la notificación en el correo. **En los casos cuya notificación se haga por correo electrónico** o mediante entrega personal, **el término comenzará a contarse desde el día siguiente de la notificación**.

> En todos los casos se extenderá el término al próximo día laborable cuando el último día del término sea sábado, domingo o día feriado. (Énfasis nuestro).

Inconforme, la señora Colón Mercado acudió en revisión judicial el 19 de septiembre de 2025 ante este Tribunal de Apelaciones. **Cabe mencionar que, a esta fecha, no surge del expediente que la Recurrente haya notificado acerca de la acción judicial a la Junta Adjudicativa, por lo que el recurso apelativo no está perfeccionado**.

---

[7] Véase, *Apéndice* pág. 10 y *Resolución recurrida*.

Además, aun cuando en el escrito no esbozó un señalamiento de error en concreto, la señora Colón Mercado expresó que efectuó varias gestiones telefónicas con la Junta Adjudicativa sin éxito. Es decir, la Recurrente pretendió realizar comunicaciones *ex parte* con el ente adjudicador, pero la secretaria del organismo correctamente le explicó que no se podía. Sostuvo, sin embargo, que la denegación de la apelación no se apoyó en una razón válida, al imputar que se debió a que la secretaria de la Junta Adjudicativa escribió mal su correo electrónico y no explicó bien sus contenciones.

## II.

Como es sabido, revisamos el dictamen administrativo al amparo de la Ley Núm. 38 de 30 de junio de 2017, *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAUG), 3 LPRA sec. 9601 *et seq.* El estatuto establece un procedimiento uniforme de revisión judicial a la acción tomada por una agencia de Gobierno al adjudicar un caso. En particular, la Sección 4.5 de la LPAUG, 3 LPRA sec. 9675, que versa sobre el alcance de nuestro examen revisor, dispone que este tribunal intermedio sostendrá las determinaciones de hechos de las decisiones de las agencias, si se basan en evidencia sustancial que obra en el expediente administrativo; revisará en todos sus aspectos las conclusiones de derecho; y podrá conceder al recurrente el remedio apropiado si determina que a éste le asiste el derecho.

En lo que compete a este caso, la Sección 4.2 de la LPAUG, 3 LPRA sec. 9672, establece que "[u]na parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá **presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días** contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta

Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. **La parte notificará la presentación de la solicitud de revisión a la agencia** y a todas las partes dentro del término para solicitar dicha revisión". (Énfasis nuestro).

Cónsono con lo anterior, la marcha ordenada y efectiva de los procedimientos judiciales exige el cumplimiento de las reglas de los tribunales apelativos. Lo contrario impide la revisión judicial. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013); *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 659 (1987). En ese sentido, **las normas que rigen el perfeccionamiento de todos los recursos apelativos deben observarse rigurosamente**. *Soto Pino v. Uno Radio Group, supra*; *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000). Con relación a lo anterior, nos remitimos a la Parte VII del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), la cual gobierna el trámite de los recursos de revisión instados ante este foro. En particular, en inciso (B) de la Regla 58 de nuestro Reglamento, *supra*, establece el **requisito de notificación del recurso**. Veamos.

(B) **Notificación a las partes**

(1) Cuándo se hará

**La parte recurrente notificará el escrito de revisión debidamente sellado con la fecha y hora de su presentación** a los abogados o abogadas de récord del trámite administrativo o, en su defecto, a las partes, así como **a la agencia o al funcionario administrativo o funcionaria administrativa de cuyo dictamen se recurre, dentro del término para presentar el recurso, siendo éste un término de cumplimiento estricto.**

. . . . . . . .

(4) Certificación de notificación

**La parte recurrente, por sí o por conducto de su representación legal, certificará al Tribunal de Apelaciones en el escrito de revisión el método mediante**

**el cual notificó o notificará a las partes, y el cumplimiento con el término dispuesto para esto**.

La parte recurrente podrá certificar al tribunal en una moción suplementaria cualquier cambio en cuanto a la certificación original dentro de los tres días laborables siguientes al día de la presentación del escrito de revisión. **El término aquí dispuesto será de cumplimiento estricto**. (Énfasis nuestro).

En síntesis, la precitada regla requiere que la parte recurrente notifique el escrito de revisión a la agencia impugnada, dentro del mismo término para presentar el recurso, siendo éste un término de cumplimiento estricto. Con relación a los términos de cumplimiento estricto, el Tribunal Supremo ha opinado que este foro apelativo no goza de discreción para prorrogarlos de manera automática. *Rivera Marcucci v. Suiza Dairy*, 196 DPR 157, 170 (2016). Únicamente tenemos discreción para extender un término de cumplimiento estricto si concurren las siguientes condiciones: (1) que en efecto exista justa causa para la dilación; y (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación, es decir, que acredite de manera adecuada la justa causa aludida. *Soto Pino v. Uno Radio Group*, *supra*, pág. 93.

De otro lado, nuestro alto foro judicial ha definido *jurisdicción* como el poder o autoridad que ostentan los tribunales para considerar y decidir los casos y las controversias ante su atención. *Beltrán Cintrón v. ELA*, 204 DPR 89, 101 (2020), que cita a *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019). Es norma reiterada que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, ya que no tenemos discreción para asumirla si no la hay. Por ello, las cuestiones relativas a la jurisdicción son privilegiadas y, como tal, deben atenderse y resolverse con preferencia y prontitud. **La falta de jurisdicción no es susceptible de ser subsanada**. Más aún, ante un cuestionamiento de falta de jurisdicción, estamos compelidos a auscultarla, toda vez que el planteamiento jurisdiccional incide directamente sobre el poder para

adjudicar una controversia. Un dictamen emitido sin jurisdicción es nulo en Derecho y, por lo tanto, inexistente. En consecuencia, una vez un tribunal determina que no tiene jurisdicción para entender en el asunto presentado ante su consideración, procede la inmediata desestimación del recurso apelativo de conformidad con lo ordenado por las leyes y los reglamentos. *S.L.G Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882-883 (2007); *Torres Alvarado v. Madera Atiles, supra,* págs. 499-500. Al respecto**, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *supra*, autoriza a esta curia a desestimar un recurso apelativo**, bajo el fundamento de **falta de jurisdicción**, estatuido en el inciso (B) (1) de la misma norma procesal.

### III.

Según reseñamos, la señora Colón Mercado imputa a la Junta Adjudicativa que denegó su recurso apelativo sin causa justificada. Empero, debemos apuntar que el ente impugnado enmendó su error de dirigir el *Requerimiento de Información* a un correo electrónico incorrecto. Ello, porque según admite la Recurrente, recibió el *Requerimiento de Información* por correo. De hecho, ello motivó que, el 20 de julio de 2025, la Recurrente enviara un correo electrónico a la Junta Adjudicativa desde una farmacia, al que unió una captura de pantalla para nosotros ilegible. En el ejercicio de impartir un debido proceso de ley, la Junta Adjudicativa adoptó la comunicación como una petición de reconsideración. Luego de auscultar su jurisdicción, propósito de dicho requisitorio, declaró sin lugar la petición a reconsiderar. Lógicamente, si la Junta Adjudicativa no pudo acreditar su jurisdicción, este tribunal por igual adolece de autoridad para atender en sus méritos el recurso del epígrafe.

Asimismo, en cuanto a este foro judicial intermedio, al auscultar nuestra propia jurisdicción, advertimos que la señora Colón Mercado no notificó copia del recurso de revisión a la Junta Adjudicativa. Es decir, de conformidad con el ordenamiento reseñado, la Recurrente contaba con un término jurisdiccional de treinta (30) días, para presentar ante

nuestra consideración el recurso de revisión judicial. Así lo hizo. Pero, además, en ese término, como cumplimiento estricto, debió notificar el recurso presente a la Junta Adjudicativa. En vista de que la parte recurrente no realizó la notificación ni tampoco nos acreditó una justa causa para su omisión, resulta forzoso colegir ello nos priva de jurisdicción y procede la desestimación del recurso de autos. En torno a esto, es necesario precisar que **el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales**. *Febles v. Romar*, 159 DPR 714, 722 (2003).

Por las razones expuestas, desestimamos el recurso de revisión judicial por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones