ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| ERICK N. RAMOS ROMÁN<br><br>Peticionario<br><br>v.<br><br>EL PUEBLO DE PUERTO RICO; DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2026RA00131 | *Revisión Administrativa* procedente del Departamento de Corrección y Rehabilitación<br><br>Sobre: Violación de Derechos Civiles |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 13 de abril de 2026.

Comparece el Sr. Erick N. Ramos Román (en adelante, "señor Ramos Román" o "recurrente"), quien se encuentra confinado bajo la custodia del Departamento de Corrección y Rehabilitación (en adelante, "DCR" o "recurrido"), mediante un recurso titulado *Mandamus* presentado el 24 de marzo de 2026. En esencia, plantea que el DCR no calculó correctamente la hoja de liquidación de sentencia; y solicita su excarcelación.

A pesar de que el recurso de epígrafe fue titulado como *Mandamus,* lo acogemos como un recurso de *Revisión Administrativa*, ya que el señor Ramos Romas recurre ante nos para impugnar un asunto de carácter administrativo.

Conforme al derecho aplicable, este foro revisor tiene el deber ministerial de auscultar su jurisdicción para atender un recurso ante su consideración. *R&B Power Inc., v. Junta de Subasta*, 213 DPR 685, 698 (2024). Asimismo, nuestro ordenamiento jurídico establece que estamos impedidos de atender aquellos recursos que incumplan con las reglas de los tribunales apelativos. *Soto Pino v.*

*Uno Radio Group,* 189 DPR 84, 90 (2013); *Cárdenas Maxán v. Rodríguez,* 119 DPR 642, 659 (1987). Esto es, las partes deben cumplir rigurosamente las disposiciones reglamentarias requeridas para perfeccionar sus recursos apelativos. *Isleta v. Inversiones Isleta Marina,* 203 DPR 585, 591 (2019). En vista de ello, nuestro ordenamiento nos autoriza a desestimar el recurso ante la inobservancia de las disposiciones reglamentarias sobre el perfeccionamiento. Regla 83(C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, págs. 116-117, 216 DPR __ (2025).

Tras evaluar el expediente, no encontramos orden, resolución o sentencia alguna de la cual el recurrente pudiese estar recurriendo ni especificidad de la fecha en la cual fue dictada o notificada, conforme las exigencias del Reglamento de este Tribunal. Regla 59(E)(1)(c) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, págs. 116-117, 216 DPR __ (2025). Incluso, ni siquiera conocemos si el recurrente presentó alguna solicitud de remedio administrativo ante el DCR. De manera que desconocemos si recurre de una decisión final. Véase, Artículo 4.006 de la Ley Núm. 201-2003, según enmendada, conocida como *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003,* 4 LPRA sec. 24. Por consiguiente, no podemos constatar nuestra jurisdicción. Tampoco el recurrente no incluyó con su recurso un apéndice que contuviese documentos relevantes que formen parte del expediente de la agencia recurrida, los cuales sean necesarios y útiles a los fines de resolver la controversia ante nos, según requiere el Reglamento de este Foro Apelativo. Regla 59(E) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, págs. 116-117, 216 DPR __ (2025). En fin, el recurso de epígrafe no fue perfeccionado en la medida en que ni

contamos con los elementos suficientes para entender el presente caso, ni podemos auscultar propiamente nuestra jurisdicción

Cónsono con ello, determinamos prescindir de la comparecencia del DCR, conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 15, 216 DPR __ (2025).

Por los fundamentos previamente expuestos, se **desestima** el recurso de epígrafe por falta de jurisdicción, de conformidad con la Regla 83(C) de nuestro Reglamento.

Lo acordó y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones